UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, WEN T. LEE, LIN KOU LEE,<br><br>Plaintiffs,<br><br>v.<br><br>RETAIL STORE EMPLOYEE BUILDING CORPORATIO, CASA DEL PUEBLO APARTMENT, PPMG, INC., BARCELON ASSOCIATES MANAGEMENT CORP.,<br><br>Defendants. | Case No. 5:15-cv-04768-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 56 |

Plaintiffs, former residents at the Casa Del Pueblo Apartments (Apartments), sue for alleged housing discrimination under federal and state law. Defendant Preservation Partners Management Group, Inc. (PPMG) now moves for summary judgment on the ground that it had no involvement with the Apartments during the time period covered by plaintiffs' First Amended Complaint, the operative pleading.

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the

absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. Id.

PPMG has presented evidence demonstrating that it did not assume property management duties at the Apartments until more than a year after plaintiffs vacated the premises and that PPMG had no prior involvement with the Apartments. (Dkt. 56-2, Vasquez Decl. ¶¶ 3-5, Ex. A). Plaintiff Lin Kou Lee[1] did not file any opposition to PPMG's motion, and the deadline for submitting one has long since passed. She also did not appear at the motion hearing. She therefore has not met her burden to present evidence demonstrating that there is a genuine issue of material fact for trial. Upon consideration of the moving papers, as well as the oral arguments

---

[1] Plaintiffs Maria Lee and Wen T. Lee previously advised that they did not intend to oppose PPMG's motion. They have since stipulated to the dismissal of their claims against PPMG with prejudice.

1  presented, this court finds that PPMG's summary judgment motion should be granted.

2  Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED
3  THAT this case be reassigned to a District Judge.  Further, it is RECOMMENDED that the newly
4  assigned judge grant PPMG's summary judgment motion.  Any party may serve and file
5  objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C.
6  § 636(b)(1); Fed. R. Civ. P. 72.

7  Dated:   June 21, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-04768-HRL Notice has been electronically mailed to:

Annette D. Kirkham     annettek@lawfoundation.org, teresam@lawfoundation.org

Claudia Borsutzki     cborsutzki@cplawgrp.com

David Rush Tredway     dtredway@kennicklaw.com

Jeff Brandon Atterbury     jeff.1.atterbury@farmersinsurance.com, margaret.butts@farmersinsurance.com, stephanie.mackey@farmersinsurance.com

Thomas Philip Zito     tom.zito@lawfoundation.org

5:15-cv-04768-HRL Notice sent by U.S. Mail on 6/21/2016 to:

Lin Kou Lee
238 Lyndale Avenue
San Jose, CA 95127

4