UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-04768-LHK<br><br>**ORDER APPOINTING GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 136 |

Before the Court is a motion by Plaintiff Maria Lee and Plaintiff Wen Lee (collectively, "Plaintiffs") to appoint Wen Lee as Maria Lee's guardian ad litem for the purposes of the instant action. The motion was not set for a hearing, and the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiffs' motion for the appointment of Wen Lee as guardian ad litem.

## I.　　BACKGROUND

### A. Factual Background

From 2000 to 2013, Maria Lee ("Maria") lived at the Casa del Pueblo Apartment ("CDP") complex, a senior living facility.  Second Amended Complaint ("SAC"), ECF No. 104, at ¶¶ 8, 12.

1

During this period, CDP was owned by Retail Store Employees Building Corporation ("Retail Store") and managed by Barcelon Associates Management Corp. ("Barcelon"). *Id.* ¶ 7–8. Maria Lee is in her late 80s and was diagnosed with dementia in 2012. *Id.* ¶ 27. Maria Lee's husband, Yin-Chiau Joseph Lee ("Joseph") lived with Maria Lee in the apartment until he passed away in November 2012. *Id.* ¶ 12. Plaintiff Wen Lee ("Wen"), Maria Lee and Joseph Lee's son, "became his parents' live-in caretaker in mid-2011 and was a resident and lived in their apartment at CDP." *Id.*[1]

Plaintiffs allege that Maria Lee was subject to mistreatment by Shuling Liu ("Liu"), a CDP staff member. Specifically, Plaintiffs allege that "[f]rom 2004 until Wen Lee arrived to care for his parents, Shuling Liu called Ms. Lee "psycho" in Chinese ("shen-jing-bing"). Additionally, after Maria Lee reported that her neighbors had stolen from her, Liu allegedly taunted Maria in front of other Chinese-speaking tenants by stating "Let's go to Maria's home to steal, shall we?" *Id.* ¶ 21.

Plaintiffs allege that "[s]ince at least July 2004, Defendants have been aware that Maria Lee suffers from mental health disabilities. Since at least 2006, Defendants have been aware that because of those disabilities Ms. Lee has difficulty interacting with her neighbors." *Id.* ¶ 16. In January 2009, Maria allegedly requested a "reasonable accommodation" due to her "ongoing issues with her neighbors." *Id.* ¶ 22. CDP allowed Maria to transfer to a different apartment in the same building. *Id.* ¶ 23.

In June 2013, Defendants issued a Ninety Day Notice of Termination ("Eviction Notice") to Maria Lee, Wen Lee, and Lin Lee. *Id.* ¶ 29. On September 19, 2013, Retail Store and CDP filed an unlawful detainer complaint against Maria Lee, Wen Lee, and Lin Lee in Santa Clara County Superior Court. The unlawful detainer complaint stated that Maria Lee "materially violated the terms of the lease agreement" by allowing Lin Lee to reside at CDP without "obtaining the prior written approval." First Amended Complaint ("FAC"), ECF No. 52, at ¶ 28.

---

[1] Originally, Maria Lee's daughter Lin Lee was also a plaintiff in the instant action. However, on August 25, 2016, Lin Lee was dismissed with prejudice for failure to prosecute. ECF No. 99.

Case No. 15-cv-04768-LHK
ORDER APPOINTING GUARDIAN AD LITEM

United States District Court
Northern District of California

The complaint further stated that Maria Lee's "tenancy has been fraught with constant complaints from neighbors who have been terrified by threatening, hostile, bizarre, and alarming behavior." *Id.* Maria Lee, Wen Lee, and Lin Lee failed to respond to the unlawful detainer action, and default judgment was entered against them. SAC ¶ 33. Soon afterward, Maria Lee, Wen Lee, and Lin Lee were evicted from the CDP apartment. *Id.* ¶ 34.

As a result of the eviction, Plaintiffs allege that Wen Lee and Maria Lee have been forced to rent a single room in a house due to their limited income and the loss of subsidized housing. *Id.* ¶ 36.

### B. Procedural History

On October 17, 2014, Maria filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD"), which asserted that she was the subject of discriminatory treatment by CDP staff. Pursuant to HUD policy, Maria's complaint was forwarded to the California Department of Fair Employment and Housing ("DFEH"). On November 6, 2015, DFEH closed Maria's case after finding that she had presented insufficient evidence of discrimination.

Plaintiffs filed the original complaint in federal court on October 15, 2015, which mirrored the allegations set forth in Maria's HUD complaint. ECF No. 1. The original complaint asserted causes of action under the Fair Housing Amendments Act ("FHAA") and Fair Employment and Housing Act ("FEHA"). *Id.* On April 6, 2016, Retail Store and CDP moved to dismiss the original complaint. ECF No. 39. In lieu of opposing this motion, on May 2, 2016, Plaintiffs filed the FAC, which kept the same two causes of action but added Barcelon as a Defendant. As a result, the Court denied Defendants' motions to dismiss as moot. ECF No. 53. On June 17, 2016, Barcelon declined magistrate judge jurisdiction, and on June 21, 2016, the instant action was reassigned to the undersigned judge. ECF No. 79.

Retail Store and CDP moved to dismiss the FAC on May 13, 2016. ECF No. 60. Maria and Wen filed a response on June 20, 2016, and Retail Store and CDP filed a reply on June 29, 2016. ECF No. 76; ECF No. 81. Barcelon moved to dismiss the FAC on June 9, 2016. ECF

3

United States District Court
Northern District of California

69.  Maria and Wen filed a response on June 21, 2016, and Barcelon filed a reply on June 30,

2016.  ECF No. 78; ECF No. 82.  On August 9, 2016, the Court granted Defendants' motions to

dismiss for three reasons: Maria was incompetent and thus lacked capacity to sue, Wen did not

have standing to sue, and Plaintiffs failed to state a claim under the FHAA or FEHA because they

failed to allege that any actions were taken because of a disability.  First Order at 13.[2] Plaintiff's

First Amended Complaint stated that Shuling Liu, the CDP staff member about whom Plaintiffs

complain, was Maria Lee's legal guardian. *Id.* at 6. The Court stated that Maria Lee may only

bring suit in federal court through Shuling Liu, her duly appointed representative. *Id.*

On September 8, 2016, Plaintiffs filed a Second Amended Complaint ("SAC").  ECF No.

104.  The SAC alleges violation of the FHAA and FEHA, but significantly changes the factual

allegations supporting those claims.  *Id.*

On September 27, 2016, Retail Store and Barcelon each brought a Motion to Dismiss the

Second Amended Complaint.  ECF No. 111 ("Retail Store Mot."); ECF No. 112 ("Barcelon

Mot.").  The Court granted in part and denied in part these motions on January 24, 2017. ECF No.

134. The Court denied the motion to dismiss Wen Lee's and Maria Lees's claims under the

FHAA, 42 U.S.C. § 3604(f)(1), and the FEHA, Cal. Gov't Code § 12955(a), (k) to the extent that

those claims were based on the eviction of Wen Lee and Maria Lee. ECF No. 134, at 35. The

Court granted the motion to dismiss in all other respects. *Id.* Part of the justification for the Court's

ruling was the fact that Maria Lee was incompetent to sue in her own capacity, Plaintiffs

represented that Shuling Liu was not Maria Lee's guardian, and Maria Lee had not been appointed

a guardian ad litem. *Id.* at 10–11. The Court ordered that Plaintiffs file a motion for appointment

of a guardian ad litem for Maria Lee within 21 days of the Court's order, or the Court would

dismiss Maria Lee from the action with prejudice. *Id.* at 11.

Wen Lee and Maria Lee filed the instant motion to appoint a guardian ad litem on February

---

[2] Although this case was initially filed *pro se*, Plaintiffs obtained counsel who appeared in the case
on behalf of Plaintiffs on June 3, 2016.  ECF Nos. 62, 63.  Thus, Plaintiffs' counsel filed the
oppositions to Retail Stores' and Barcelon's motions to dismiss the FAC.  Plaintiffs continue to be
represented by counsel.

Case No. 15-cv-04768-LHK
ORDER APPOINTING GUARDIAN AD LITEM

1   1, 2017. ECF No. 136.

2   **II.     LEGAL STANDARD**

3           Federal Rule of Civil Procedure ("Rule") 17 governs parties' capacity to sue or be sued.

4   Under Rule 17(b)(1), an individual's capacity to be sued is governed by the law of the state in

5   which the individual is domiciled. Under California law, "[t]he test for incompetence . . . is

6   whether the party has the capacity to understand the nature or consequences of the proceeding, and

7   is able to assist counsel in preparation of the case." *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186

8   (2001).  If a party is found to be incompetent based on this test, then that party may only appear in

9   court through "a guardian or conservator of the estate or by a guardian ad litem."  Cal. Civ. Proc.

10  Code § 372(a)(1).

11          Rule 17 "requires a court to take whatever measures it deems proper to protect an

12  incompetent person during litigation. Although the court has broad discretion and need not appoint

13  a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is

14  under a legal obligation to consider whether the person is adequately protected." *United States v.*

15  *30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir.1986).  "A court has broad discretion in ruling on

16  a guardian ad litem application." *Kulya v. City & Cnty. of San Francisco*, 2007 WL 760776, *1

17  (N.D. Cal. Mar. 9, 2007) (quoting *Williams v. Superior Ct. of San Diego*, 54 Cal. Rptr. 3d 13

18  (App. Dep't Super. Ct. 2007)).

19  **III.    DISCUSSION**

20          The instant motion requests that the Court appoint Wen Lee as Maria Lee's guardian ad

21  litem for the purposes of this lawsuit. Under Rule 17 and California law, an incompetent person

22  can appear in court only through "a guardian or conservator of the estate or by a guardian ad

23  litem."  Cal. Civ. Proc. Code § 372(a)(1). The Court first considers whether Maria Lee is

24  incompetent, and then the Court considers whether Wen Lee is a proper guardian ad litem.

25          As discussed in the Court's previous orders, the parties do not dispute that Maria Lee is

26  incompetent. *See, e.g.*, ECF No. 134, at 9. Additionally, Plaintiffs have stated that Maria Lee has

27  dementia and other mental health issues that "affect her behavior and cognitive functions and

28

5

United States District Court
Northern District of California

impair her from several major life activities." SAC ¶ 5.  Furthermore, when Plaintiffs filed the First Amended Complaint ("FAC"), Plaintiffs attached a March 20, 2012 letter from Dr. Andrew Wong ("Wong"). This letter stated that Maria Lee "does not have the capacity to manage her financial affairs[,] . . . needs assistance in managing her daily activities and her health and safety matters[,] . . . [and] cannot enter into any legally binding decisions on her own."  FAC at 21.

This evidence is sufficient to demonstrate that Maria Lee is unable to understand the "nature or consequences of the . . . proceeding," and is "unable to assist her [or his] counsel in the preparation of her [or his] case. *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001). Thus, the Court reiterates its finding that Maria Lee is incompetent and therefore cannot pursue a lawsuit without a guardian ad litem. *See* ECF No. 96, at 6; ECF No. 134, at 9.

Next, the Court considers whether Wen Lee is a proper guardian ad litem for Maria Lee. Maria Lee signed a "Power of Attorney (with Durable Provision)" that gives power of attorney to Wen Lee on July 5, 2011, before Maria Lee's dementia diagnosis in 2012. *See* SAC Ex. 1. The power of attorney provides that Wen Lee may act as "attorney-in-fact" on behalf of Maria Lee and states that "the power of attorney shall not be affected by the subsequent disability or incompetence of the Grantor." *Id.*

In the Court's January 24, 2017 order, the Court found that the power of attorney alone was not sufficient to allow Wen Lee to sue on behalf of Maria Lee. ECF No. 134, at 9–10. However, under California law there is a "*rebuttable presumption* in favor of the designated attorney in fact . . . for appointment as guardian ad litem." *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1152 (1994) (as amended) (emphasis in original). Therefore, there is a rebuttable presumption that Wen Lee is a proper guardian ad litem for Maria Lee. No party has suggested any facts that would rebut that presumption.

Furthermore, Wen Lee has included a declaration along with the instant motion stating that he has an interest in the welfare of Maria Lee and has been Maria Lee's caregiver since 2011. Declaration of Wen Lee ¶ 2. Wen Lee also states that he has no conflicts of interest with Maria Lee and will act in good faith to protect her interests. *Id.* ¶ 5.

6

In summary, the Court finds that under Rule 17(c), appointment of a guardian ad litem is necessary to protect the interests of Maria Lee in the instant action. Additionally, the Court finds that Wen Lee is fit to act as Maria Lee's guardian ad litem.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby APPOINTS Wen Lee as Maria Lee's guardian ad litem for purposes of the instant action.

**IT IS SO ORDERED.**

Dated: February 13, 2017

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

7