United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-04768-LHK<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE**<br><br>Re: Dkt. Nos. 182, 187 |

Plaintiffs Maria and Wen Lee ("Plaintiffs") filed a housing discrimination complaint against Retail Store Employee Building Corporation, Casa Del Pueblo Apartments, and Barcelon Associates Management Corporation ("Defendants") on October 15, 2015. ECF No. 1. The case is scheduled for a two-day bench trial on January 12 and 16, 2018. The parties dispute whether this case should be tried to a jury or to the Court. After considering the parties' briefs, the record in this case, and the relevant law, the Court concludes that this case should be tried to a jury. Also before the Court is Defendants' motion in limine, in which Defendants seek to exclude certain exhibits and witnesses that were not timely disclosed. ECF No. 182. For the reasons explained below, the Court GRANTS Defendants' motion in limine.

1

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

## I. BACKGROUND

### A. Factual Background

From 2000 to 2013, Maria Lee ("Maria") lived at the Casa del Pueblo Apartment ("CDP") complex, a senior living facility. Second Amended Complaint ("SAC"), ECF No. 104 at ¶¶ 8, 12. During this period, CDP was owned by Retail Store Employees Building Corporation ("Retail Store") and managed by Barcelon Associates Management Corporation ("Barcelon"). *Id.* ¶¶ 7-8. Maria is in her late 80s and was diagnosed with dementia in 2012. *Id.* ¶ 27. Maria's husband, Yin-Chiau Joseph Lee ("Joseph"), lived with Maria in the apartment until he passed away in November 2012. *Id.* ¶ 12. Plaintiff Wen Lee ("Wen"), Maria and Joseph's son, moved to San Jose from Taiwan to take care of Maria and Joseph in 2011. *Id.* ¶ 14. Wen "became his parents' live-in caretaker in mid-2011 and was a resident and lived in their apartment at CDP." *Id.* Maria's daughter, Lin Lee ("Lin"), lived with Maria until Wen came to live at CDP in 2011. *Id.* ¶ 25.

Maria and Wen were evicted from CDP on October 17, 2013. Plaintiffs contend that this eviction was due to Maria's dementia, and as a result that their eviction constituted unlawful housing discrimination. Defendants contend that Plaintiffs were evicted because of Maria's and Wen's erratic and threatening behavior and because Maria and Wen allowed Lin to live in their apartment without permission. *See* ECF No. 111 at 6.

### B. Procedural History

On October 17, 2014, Maria filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD"), which asserted that she was the subject of discriminatory treatment by CDP staff. Pursuant to HUD policy, Maria's complaint was forwarded to the California Department of Fair Employment and Housing ("DFEH"). On November 6, 2015, DFEH closed Maria's case after finding that she had presented insufficient evidence of discrimination.

Plaintiffs, appearing pro se, filed the original complaint in federal court on October 15, 2015, which mirrored the allegations set forth in Maria's HUD complaint. ECF No. 1. The

2

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

original complaint asserted causes of action under the Fair Housing Amendments Act ("FHAA") and Fair Employment and Housing Act ("FEHA"). *Id.* The original complaint demanded a jury trial. On April 6, 2016, Retail Store and CDP moved to dismiss the original complaint. ECF No. 39. In lieu of opposing this motion, on May 2, 2016, Plaintiffs filed the First Amended Complaint ("FAC"), which kept the jury demand and the same two causes of action but added Barcelon as a Defendant. ECF No. 52. As a result, the Court denied Defendants' motions to dismiss as moot. ECF No. 53. On June 17, 2016, Barcelon declined magistrate judge jurisdiction, and on June 21, 2016, the instant action was reassigned to the undersigned judge. ECF No. 79.

Retail Store and CDP moved to dismiss the FAC on May 13, 2016. ECF No. 60. On June 3, 2016, the Law Foundation of Silicon Valley ("the Law Foundation" or "Plaintiffs' counsel") appeared on behalf of Plaintiffs in this case. ECF Nos. 62, 63. Maria and Wen filed a response on June 20, 2016, and Retail Store and CDP filed a reply on June 29, 2016. ECF No. 76; ECF No. 81.

Barcelon moved to dismiss the FAC on June 9, 2016. ECF No. 69. Maria and Wen filed a response on June 21, 2016, and Barcelon filed a reply on June 30, 2016. ECF No. 78; ECF No. 82.

On August 9, 2016, the Court granted Defendants' motions to dismiss for three reasons: Maria lacked capacity, Wen did not have standing, and Plaintiffs failed to state a claim under the FHAA or FEHA because they failed to allege that any actions were taken because of a disability. ECF No. 93 at 13.

On September 8, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 104. The SAC alleges violation of the FHAA and FEHA, but significantly changes the factual allegations supporting those claims. *Id.* The SAC does not contain a jury demand. On September 27, 2016, Retail Store and Barcelon each brought a Motion to Dismiss the Second Amended Complaint. ECF No. 111; ECF No. 112. On October 11, 2016, Plaintiffs filed a single opposition to both motions. ECF No. 114. On October 18, 2016, Retail Store and Barcelon each filed a

3

reply. ECF No. 116; ECF No. 115. On January 24, 2017, the Court granted in part and denied in part the Motions to Dismiss the Second Amended Complaint. ECF No. 134. Two claims survived: (1) housing discrimination based on eviction due to Maria's dementia, in violation of the Fair Housing Amendments Act, 42 U.S.C. § 3604(f)(1); and (2) housing discrimination based on eviction due to Maria's dementia, in violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12955(a), (k). The Court also ordered Plaintiffs to file a motion to appoint Wen as Maria's guardian ad litem. *Id.*

On February 1, 2017, Plaintiffs filed a motion to appoint Wen as Maria's guardian ad litem. ECF No. 136. On February 2, 2017, Defendants filed answers to the SAC as to Wen and demanded jury trials. ECF Nos. 137, 138. On February 13, 2017, the Court granted Plaintiffs' motion to appoint Wen as Maria's guardian ad litem. ECF No. 141. On February 21 and 22, 2017, Defendants filed answers to the SAC as to Maria and again demanded jury trials. ECF Nos. 144, 145.

On March 8, 2017, the Court held a case management conference. *See* ECF No. 147. During that conference, while setting the case schedule, the Court said, "Let's set it for January 12th and 16th. This is a jury trial, correct? No, it's a bench trial." Plaintiffs' counsel responded, "It's a bench trial." The Court then said, "Then I think we'll do two days. I will make it two days. Okay. So January 12 and 16, that will be a Friday and a Tuesday. Okay." The Court then asked whether the case schedule was acceptable to the parties, and all counsel responded that it was acceptable. Defendants did not object to the characterization of the trial as a bench trial, but neither did Defendants explicitly agree to a bench trial. The Court issued a case management order on March 8, 2017, setting a two-day bench trial for January 12 and 16, 2018. ECF No. 148. The Court set June 15, 2017 as the deadline for fact discovery, June 29, 2017 as the deadline for opening expert reports, July 13, 2017 as the deadline for rebuttal expert reports, and July 27, 2017 as the deadline for the close of expert discovery. The Court set August 31, 2017 as the deadline for filing dispositive motions. *Id.*

4
Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

Defendants noticed Wen's deposition for June 15, 2017. *See* ECF No. 182 Exh. B. On June 13, 2017, Wen notified his counsel that he no longer wanted them to represent him and his mother in this matter. ECF No. 160 at 3. Counsel informed Wen that his deposition would still proceed as scheduled and that counsel would still defend Wen's deposition. *Id.* Wen failed to appear for the deposition. ECF No. 182 Exh. C. Fact discovery closed on June 15, 2017.

On June 20, Plaintiffs' counsel moved to withdraw. ECF No. 160. On July 12, 2017, the Court granted Plaintiffs' counsel's motion to withdraw. ECF No. 162. The Court notes that although Plaintiffs once again represent themselves, they appear to be availing themselves of the Federal Pro Se Program, which provides assistance to pro se litigants.

On July 14, 2017, Defendants' counsel spoke with Wen about scheduling Wen's deposition. ECF No. 182 Exh. D. Wen stated that he could not be deposed at that time because he was still looking for an attorney. Defendants' counsel responded that Wen should have any new attorney contact their office by July 24, 2017 to schedule the deposition. On July 24, 2017, Wen emailed Defendants' counsel to propose deposition dates of October 3, 4, or 5, 2017. ECF No. 182 Exh. E. Defendants' counsel replied on July 24, 2017 that October was too late and requested Wen identify dates in August or early September. ECF. No. 182 Exh. F. The next day, however, Defendants' counsel appears to have noticed the deposition for October 4, 2017. *See* ECF No. 166 at 3, 8. Defendants' counsel then changed the date of Wen's deposition to August 29, 2017. *Id.* at 4-6; ECF No. 182 Exh. G.

Wen objected to the deposition being taken on August 29, 2017, and filed a motion to compel the deposition to occur on October 4, 2017. ECF No. 166. Judge Lloyd held a hearing on Wen's motion on August 24, 2017, and ordered Wen to appear for the deposition on August 29, 2017. ECF Nos. 169, 170. Wen appeared for the deposition on August 29, 2017, and produced several documents that were not included in Plaintiffs' initial disclosures. ECF No. 182 Exh. J. Many of the documents, which the Court discusses in more detail below, were dated a month to a year prior to the fact discovery deadline of June 15, 2017. Wen's deposition was completed on

5

September 18, 2017. ECF No. 182 Exh. K. During the deposition on September 18, 2017, Wen stated that he knew of eyewitnesses to the incidents at issue in this case, but Wen refused to disclose the witnesses' identities. ECF No. 182 Exh. M. Wen stated that he would disclose the witnesses' identities "later," "before trial," because he thought that Defendants would harass the witnesses and so it was to his advantage to withhold the witnesses' identities. *Id.*

Neither party filed a motion for summary judgment. Plaintiffs filed a case management statement on October 10, 2017, in which they proposed a new case schedule, with new deadlines for amending pleadings, fact discovery, expert discovery, and dispositive motions. ECF No. 173 at 6. Plaintiffs proposed a four-day jury trial to be set in June 2018. *Id.* Defendants' case management statement did not propose varying from the Court's previous case schedule and characterized the trial as a two-day bench trial. ECF No. 174 at 5. At the case management conference on October 18, 2017, the Court denied Plaintiffs' request to change the case schedule. The Court issued a case management order characterizing the trial as a two-day bench trial. ECF No. 176.

On November 20, 2017, Plaintiffs supplemented their initial disclosures. ECF No. 182 Exh. L. In this supplemental disclosure, Plaintiffs identified ten new witnesses and about eight new exhibits that were not previously disclosed. *Id.*

On November 30, 2017, the parties filed their pretrial conference statements, in which they disagreed about whether this case should be tried to a jury or to the Court. ECF No. 181 at 13; ECF No. 183 at 8. In light of the continuing disagreement about the format of the trial, the Court on December 6, 2017 ordered the parties to brief whether this case should be tried to a jury or to the Court. ECF No. 187. Both sides filed their briefs on December 11, 2017. ECF No. 191, 193.

Also on November 30, 2017, Defendants filed the instant motion in limine to preclude Plaintiffs from introducing exhibits or calling witnesses that were not timely disclosed. ECF No. 182. Under the Court's standing order for bench trials, any opposition to the motion in limine was due on December 4, 2017. Plaintiffs did not file a timely opposition. On December 6, 2017,

1    Defendants filed a notice of non-opposition to Defendants' motion in limine. ECF No. 185. On

2    December 8, 2017, Plaintiffs filed a declaration stating that Wen produced the documents at issue

3    in the motion in limine during his deposition on August 29, 2017. ECF No. 189. Plaintiffs noted

4    their intent to file an opposition on December 8 or December 11, 2017. *Id.* On December 11,

5    2017, Plaintiffs filed an opposition to the motion in limine. ECF No. 192. On December 12,

6    2017, Defendants filed a reply urging the Court to disregard Plaintiffs' opposition as untimely.

7    ECF No. 195.

## II. LEGAL STANDARD

### A. Making and Withdrawing a Jury Demand

Federal Rule of Civil Procedure 38(b) provides: "On any issue triable of right by a jury, a party may demand a jury trial by: serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Rule 38(d) states that "[a] proper demand may be withdrawn only if the parties consent." Rule 39(a) provides that once a jury demand has been made, "[t]he trial on all issues so demanded must be by jury unless . . . the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record," or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." "Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, . . . courts should indulge every reasonable presumption against waiver." *SEC v. Jensen*, 835 F.3d 1100, 1107 (9th Cir. 2016) (quoting *Solis v. County of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008)).

### B. Motion In Limine

"Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence." *Van v. Language Line Servs., Inc.*, No. 14-CV-3791-LHK, 2016 WL 3566980, at *1 (N.D. Cal. June 30, 2016) (quoting *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, *1 (D. Mont. Oct. 26, 2010)). The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *See, e.g.*, *Navellier v. Sletten*, 262

F.3d 923, 941-42 (9th Cir. 2001) (imposing limits on the parties' presentation of evidence is within "the broad discretion that the district court had to manage the trial"). In addition, the Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The district court has wide latitude in exercising its discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir.2001)). Sanctions under Rule 37(c)(1) are meant to provide a strong inducement for the disclosure of material, and "[t]he Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction." *Id.* (citing Fed. R. Civ. P. 37 advisory committee's note (1993)). "Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id.* (citation omitted). Unless the sanction acts as a dismissal of the cause of action, the court need not identify "willfulness, fault, or bad faith." *See id.*

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). The burden to make such a showing is on the party who failed to make the required disclosure. *See id.* at 1106-07. "

**III. DISCUSSION**

8
Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

The Court first addresses whether this case should be tried to a jury or the Court. The Court then rules on Defendants' motion in limine.

**A.      Whether This Case Should Be Tried to a Jury or to the Court**

The Court first briefly recaps the procedural history relevant to the jury demand issue and then assesses whether a timely jury demand was made in this case. The Court then analyzes whether the jury demand was properly withdrawn.

**1. A Timely Jury Demand Was Made**

**a. Procedural History**

To briefly summarize the procedural history relevant to the jury demand issue, Plaintiffs' Complaint and First Amended Complaint, filed while Plaintiffs were pro se, demanded a trial by jury. ECF Nos. 1, 52. Plaintiffs' Second Amended Complaint, filed while Plaintiffs were represented by the Law Foundation, did not contain a jury demand. ECF No. 104. In their Answers to the Amended Complaint and Second Amended Complaint, Defendant Barcelon and Defendants Retail Store and Casa Del Pueblo Apartments demanded a jury trial. ECF Nos. 137, 138, 144, 145.

At the case management conference on March 8, 2017, counsel for Plaintiffs stated that the case should be a bench trial and none of the Defendants objected. The Court subsequently issued a case management order setting a two-day bench trial to begin January 12, 2018. ECF No. 148. On July 12, 2017, the Court granted the Law Foundation's motion to withdraw as Plaintiffs' counsel based on Plaintiffs' dissatisfaction with the Law Foundation's representation and a breakdown in the attorney-client relationship. ECF No. 162. On October 10, 2017, in the next case management statement filed by Plaintiffs, who were again proceeding pro se, Plaintiffs stated that the case would be tried to a jury. ECF No. 173. Defendants' case management statement characterized the trial as a bench trial. ECF No. 174. The Court's October 18, 2017 case management order characterized the trial as a bench trial. ECF No. 176. In the parties' joint pretrial statement, the parties dispute whether the trial should be a jury trial or a bench trial. ECF

9

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

1  No. 181. Accordingly, on December 7, 2017, the Court ordered the parties to brief whether this
2  case should be tried to a jury or to the court. ECF No. 187.

### b. Analysis

The parties do not dispute that Plaintiffs made timely jury demands in their original complaint and FAC. Although the parties have not cited and the Court has not found any directly on point authority within the Ninth Circuit, it appears that Plaintiffs are entitled to rely on their timely jury demands in the original complaint and FAC even though Plaintiffs did not explicitly demand a jury in their SAC. In *Thomson v. Jones*, 102 F.R.D. 619, 621-22 (N.D. Ill. 1984), the district court addressed a very similar question. There, a pro se plaintiff demanded a jury in his original complaint, and the original answer also included a jury demand. *Id.* at 621. The plaintiff's amended complaint did not contain a jury demand, nor did the answer to the amended complaint. The amended complaint added several new defendants, one of whom later sought to rely on plaintiff's original jury demand to demand a jury trial. *Id.* at 620-21. The plaintiff argued that his omission of the jury demand from the amended complaint was intentional, but the district court rejected this argument. *Id.* at 621. The district court reasoned that although the jury demand was not renewed in the amended complaint, neither was it withdrawn. *Id.* at 622. The district court wrote that the plaintiff "cites no authority to support the proposition an opponent must be alert to that omission on pain of being forced to an unwanted bench trial. . . . Indeed, many a *plaintiff* would doubtless be astonished at the prospect a general jury demand included in his or her original complaint would not extend to a later-filed amended complaint that was silent on the jury demand subject." *Id.* at 621-22.

Although not directly on point, the reasoning in *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1049-50 (9th Cir. 1974), also supports the Court's conclusion that Plaintiffs can rely on an earlier valid jury demand. Specifically, when analyzing whether an amended complaint provides a plaintiff the opportunity to demand a jury when the plaintiff previously waived his jury right, the Ninth Circuit said that "[u]nless the amended or supplemental pleading

10
Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

raises new factual issues, it does not revive the time for demanding a jury." *Trixler*, 505 F.2d at 1049-50. In other words, the plaintiff's decision to waive his right to a jury remains in effect with an amended pleading unless the amended pleading raises new factual issues. By extension, a plaintiff's decision to invoke his right to a jury should also remain in effect for an amended complaint. This conclusion is also consistent with Rules 38 and 39, which require the parties to stipulate to the withdrawal of a valid jury demand. A pleading filed by only one party clearly would not satisfy the plain language of these rules.

In any event, even if the SAC's omission of a jury demand did have some legal effect, Plaintiffs would nevertheless be entitled to rely on the demands for a jury trial that Defendants made in their answers to the SAC. As the Ninth Circuit stated in *California Scents v. Surco Products, Inc.*, 406 F.3d 1102 (9th Cir. 2005), "Rule 38 has been interpreted as incorporating a right of reasonable reliance on the jury demand of another party." *Id.* at 1106 (internal quotation marks omitted). "Thus, 'once one party files such a [jury] demand other parties are entitled to rely on that demand for the issues it covers, and need not file their own demands.'" *Id.* at 1106 (alteration in original) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995)). As a result, Plaintiffs were entitled to rely on the timely jury demands made by Defendants in response to the SAC. The Court next assesses whether there was a valid withdrawal of that jury demand.

### 2. The Jury Demand Was Not Validly Withdrawn

There is no contention here that the parties filed a written stipulation withdrawing the jury demands. Thus, the issue is whether Plaintiffs' counsel's statement at the March 2017 case management conference that "[i]t's a bench trial" and Defendants' failure to object at that time or after the Court issued its case management order characterizing the trial as a bench trial constituted an oral stipulation in open court to withdraw the jury demands as required by Rules 38 and 39. Defendants contend the proceedings at the March 2017 case management conference constituted a valid withdrawal; Plaintiffs contend they did not.

"Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, . . . courts should indulge every reasonable presumption against waiver." *Jensen*, 835 F.3d at 1107 (ellipses in original) (quoting *Solis*, 514 F.3d at 955). "[A] waiver of the right to trial by jury on an issue so triable must be clearly proved; equivocal remarks will not suffice." *Zidell Explorations, Inc. v. Conval Int'l, Ltd.*, 719 F.2d 1465, 1469 (9th Cir. 1983). Indeed, the Ninth Circuit in *Palmer v. United States*, 652 F.2d 893 (9th Cir. 1981), held that "a party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand." *Id.* at 896. The Ninth Circuit later overruled the most extreme application of *Palmer* in *White v. McGinnis*, 903 F.2d 699 (9th Cir. 1990) (en banc), in which the Ninth Circuit held that "knowing participation in a bench trial without objection constitutes waiver of a timely jury demand." *Id.* at 700. However, the precise circumstances in this case—where Plaintiffs and Defendants demanded a jury trial, then Plaintiffs' counsel arguably withdrew that request and Defendants failed to object, and then Plaintiffs objected to a bench trial after they once again represented themselves—does not seem to be wholly controlled by *White*. In other words, the Defendants' failure to object to Plaintiffs' arguable withdrawal of their jury demand does not constitute a stipulation to the withdrawal under *White*, particularly because Plaintiffs reasserted their jury right again before trial.

The Ninth Circuit's recent decision in *Jensen*, 835 F.3d 1100, supports this distinction. In *Jensen*, the SEC did not request a jury trial in its complaint. *Id.* at 1106. A defendant demanded a jury trial in his answer. *Id.* The defendant later filed a notice withdrawing the jury demand, which the SEC opposed. *Id.* at 1106-07. The district court granted the defendant's request to withdraw the jury demand because only the defendant timely requested a jury trial. *Id.* at 1107. The SEC did not object between receiving the court's order in June 2013 setting the case for a bench trial and the pretrial conference in September 2013. *Id.* However, the SEC requested a trial by jury in its pretrial conference papers.

The Ninth Circuit held that denial of this request for a jury was error because the SEC

12

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

never stipulated to the defendant's withdrawal of the jury demand, as required by Rules 38 and 39. *Id.* The Ninth Circuit rejected the defendant's argument that "the SEC waived its right to a jury trial by failing to object to the district court's order setting the case for a bench trial" between receiving the order in June 2013 and September 2013, when it requested a jury trial. *Id.* Specifically, the Ninth Circuit distinguished the facts of *Jensen* from those in other cases where it had found waiver based on a party's apparently strategic decision to go forward with a bench trial and then, if it did not like the result, to fall back on its jury demand. The Ninth Circuit observed that, in contrast to *White*, for example, "[t]he SEC's repeated objections prior to trial preserved its right to contest the district court's erroneous bench trial order." 835 F.3d at 1108; *compare United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir. 1981) (trial court's statement on the record that the parties had agreed to submit the case to the court constituted a sufficient stipulation in open court of withdrawal of the jury demand).

Given *Jensen*'s characterization of *White* and other similar cases as "a limited exception" aimed at deterring bad faith and gamesmanship, 835 F.3d at 1107, the Court concludes that a failure to object to a bench trial, without any accompanying sign of bad faith or gamesmanship, does not constitute a stipulation in open court to the withdrawal of a valid jury demand. *See also Jensen*, 835 F.3d at 1107 (cautioning courts to "indulge every reasonable presumption against waiver"). As a result, Defendants' jury demand was still in force by the time that Plaintiffs fired their counsel and reasserted their desire for a jury trial. Even if the Court is mistaken in this conclusion, however, the Court would nonetheless exercise its discretion to order a jury trial in this case.

### 3. Even if the Jury Demand Was Validly Withdrawn, the Court Would Exercise Its Discretion to Order a Jury Trial in this Case

"The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th

13

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

Cir. 2001) (internal citations omitted). Other courts have granted relief where the failure to make a timely jury demand was the result of a breakdown in the attorney-client relationship. *See Jones v. Pan Am. World Airways, Inc.*, No. C88-2033-DLJ, 1990 WL 157387, at *8 (N.D. Cal. June 26, 1990). In the instant case, the Court finds that Plaintiffs' arguable withdrawal of their jury demand at the March 2017 case management conference was not due to oversight or inadvertence, but rather was due to a breakdown in the attorney-client relationship.

As recounted above, Plaintiffs consistently demanded a jury trial in the pleadings that they filed while representing themselves. Plaintiffs' counsel requested a bench trial in March 2017. Just three months later, Plaintiffs "stated in writing" "[i]n unequivocal terms" that they no longer wanted the Law Foundation to represent them. ECF No. 160 at 3. In the Law Foundation's motion to withdraw, the Law Foundation stated that "there has been a breakdown in communication and understanding between counsel and plaintiffs as to the purpose and meaning of the legal representation that makes it impossible for counsel to effectively represent Plaintiffs in this matter." *Id.* The Law Foundation also wrote that "the relationship between counsel of record and Plaintiffs is irreconcilably broken." *Id.* at 4.

Indeed, in early July 2017, Plaintiffs filed an opposition to Defendants' joint offer of judgment in which Plaintiffs detailed the many errors that they alleged the Law Foundation made in the course of the representation. ECF No. 161. Plaintiffs concluded that "Our attorneys have to stand by the side of us; but they do not stand by us, our attorneys are Pro Bono attorneys, they take the government's budget that is the people's tax money, they have to stand by the side of righteousness, however, they do not stand by the side of righteousness, they stand by our opposite. They messed up our case; we have refused them on behalf of us." *Id.* at 9. Because there clearly was a breakdown in the relationship between Plaintiffs and their counsel, and because Plaintiffs have consistently insisted when representing themselves that they want a jury trial, the Court would exercise its discretion to order a jury trial in this case.

Although Defendants argue that they would be prejudiced by trying this case to a jury after

14
Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

relying on the Court's order of a bench trial, the Court concludes that any prejudice would be minimal and would not outweigh Defendants' prejudice in being denied their constitutional right to a jury trial. First, the issues to be tried have not changed, and so the vast majority of Defendants' preparation will be just as useful for a jury trial as for a bench trial. Second, the Court will impose time limits on both sides, so any extra time required for a jury trial will not be significant. Third, trial is a month away, which gives all parties enough time to prepare proposed jury instructions, voir dire materials, and a verdict form. As a result, this case will be tried to a jury. The Court will address any resulting scheduling issue with the parties at the pretrial conference.

### B. Motion In Limine

Defendants filed one motion in limine. ECF No. 182. Defendants seek to preclude Plaintiffs from introducing documents and calling witnesses that were not timely disclosed. The discovery deadline in this case was June 15, 2017. *See* ECF No. 148. Plaintiff Wen did not appear for his deposition before the discovery deadline and did not make himself available for his deposition until August 29, 2017 (and only then after Judge Lloyd ordered him to appear, *see* ECF No. 170). At the deposition, Wen provided some documents that he had not previously produced. *See* ECF No. 182 Exh. J-K. Included in these previously undisclosed documents were several documents dated before the discovery deadline—in the case of Pastor Olivera, more than a year before—showing that Wen had the materials in his possession before the discovery deadline but nevertheless failed to disclose them. *See* ECF No. 182 Exh. J (Pastor Olivera letter dated August 12, 2016; Burial Work Order dated November 27, 2012; LifeMoves document dated May 9, 2017).

In addition, Wen disclosed seven new witnesses on November 20, 2017. Defendants submitted a transcript excerpt from Wen's deposition on September 18, 2017, which supports the conclusion that Wen intentionally withheld information, including the identity of some of these witnesses, from Defendants. *See* ECF No. 182 Exh. M. Specifically, the relevant parts of the

15

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

transcript are as follows:

> Q  So even though the notice states that you may be evicted, you did not talk to anybody, and, instead, you just went to Taiwan?
>
> A  Because Julie was just trying to scare us off. Someone actually had gone and ask her. She said she was trying to scare us.
>
> Q  Who was that?
>
> A  A resident.
>
> Q  Which resident?
>
> A  I'm not going to reveal that.
>
> Q  Based on what?
>
> A  Because you're going to threaten her or him.
>
> Q  I'm not going to threaten anybody.
>
> A  (Before interpretation; speaking Mandarin.)
>
> Q  We have a right to talk to witnesses and get statements, just as we have the right to get all the documents you have in your possession. So we're entitled to find out who that person was.
>
> A  Right. Okay.
>
> Q  So who is it?
>
> A  I'm not going to reveal that right now. I can tell you later.
>
> Q  When is "later"?
>
> A  Before trial.
>
> Q  That's not going to work. I mean, otherwise, we'll file a motion to exclude that person from testifying.
>
> A  Well, then you are obstructing things; right?
>
> Q  Disclosure of witnesses was supposed to happen in May of this year, and you haven't disclosed this person. If you disclose her or him now, we might still

go forward with it, but you cannot present a surprise witness that you should have identified a long time ago.

Mr. Ellis: Mr. Lee, if you think that we are obstructing evidence because you won't tell us the name of the person, that makes no sense, Mr. Lee. And the whole reason we're up here today is to resolve this case. And you're telling us that if we move to exclude somebody that you won't tell us the name of, we are obstructing. That's offensive.

The Witness: A lot of evidence can be provided right before the trial.

By Ms. Borsutzki:
Q     Expert evidence, but not a witness. You are – you have to disclose the witnesses way ahead of trial, so we have a chance to talk to these people and investigate the case. You are obstructing justice in your own case by not disclosing the name. We are entitled to that name, and if you are not disclosing it, we're going to move to exclude her or him from trial.

A     You, the senior apartment, has been very ferocious; the residents have been very scared of you.

Q     Okay. Are you going to disclose this witness or are you not going to disclose the name right now?

A     Because I don't have an attorney right now, of course, there are legal things that I am not sure about. Under this circumstances, this would be to my disadvantage. Of course, we want to have justice; however, right now revealing that name would not necessarily be good for justice because that person may be threatened.

Q     Okay. Then we will go through the motions necessary.

A     And, also, I will – I want to add: Sometimes the witnesses or words are discovered at a later time, so they could be brought up later. If you didn't mention something before and I found out later or something that is yet to happen, and there would be witnesses. I can't provide their information now.

Q     But you know the witness right now, so you are hiding the name. That's a different story.

A     That this person right now is to my advantage. If I reveal the name, I am, therefore, not protecting the person, because if they get threatened and they wouldn't be the witness, that's not good. And in terms of procedure, you said the witness can't be a surprise witness, but I'm telling you that there will be such a witness, so you wouldn't be surprised.

17

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

Q  You watch too much TV, Mr. Lee.

ECF No. 182 Exh. M.

Defendants argue that they would be prejudiced if the Court allowed Plaintiffs to introduce the untimely disclosed evidence or call the untimely disclosed witnesses at trial, because Defendants were precluded from serving related discovery requests or deposing any of these witnesses because the discovery deadline had already passed by the time Wen disclosed this information. Accordingly, Defendants request that the following exhibits, all of which were not included in Plaintiffs' initial disclosures but which were produced by Wen in August 2017 (*see* Exh. J) be excluded:

- Document of Pastor Carlos Olivera, dated August 12, 2016;
- Document of Burial Work Order, dated November 27, 2012;
- Document of LifeMoves, dated May 9, 2017;
- Audio File of June 4, 2013;
- Video File of November 26, 2012;
- Video File of September 16, 2013;
- Document of Casa Times, January 2013 Special Edition

Defendants also seek to preclude Plaintiffs from calling the following witnesses whose identity was not disclosed until November 20, 2017:

- Pastor Carlos Olivera
- Mr. Jiang
- Ms. Peiyi Yi
- Mr. Ruxin Qian
- Unnamed CDP Resident
- Mr. Belen Garcia-Aceves
- Dr. Andrew Wong

Plaintiffs respond that Wen disclosed the documents at issue during his August 29, 2017 deposition. *See* ECF Nos. 189, 192. Plaintiffs do not assert that the witnesses were timely disclosed. *See id.*

The Court concludes that Plaintiffs have not carried their burden to show that their failure to timely disclose the documents or witnesses was substantially justified or harmless. First, the Court sua sponte considered whether Plaintiffs' pro se status excuses their failure to comply with Rule 26(a) or (e). However, other courts have held, and this Court agrees, that "[t]he fact that

18

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

plaintiff[s] [are] proceeding pro se is not enough to spare [their] case" when there are signs of intentional withholding of evidence. *OEM-Tech v. Video Gaming Technologies, Inc.*, No. C 10-04368 RS, 2013 WL 12173892, at *6 (N.D. Cal. Jan. 8, 2013) (quoting *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997)). "The Ninth Circuit has made clear that a pro se litigant must 'abide by the rules of the court in which he litigates.'" *Garcia v. Qwest Corp.*, 2008 WL 4531657, at *4 (D. Ariz. Oct. 3, 2008) (quoting *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)). "[S]pecial solicitude for the difficulties that a pro se plaintiff must face does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff[s] [are] calling to vindicate [their] rights." *OEM-Tech*, 2013 WL 12173892 at *6 (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987)).

Here, the dates of some of the documents that Wen disclosed at his deposition show that he had possession of them well before the June 15, 2017 discovery deadline in this case. Indeed, the Law Foundation represented Plaintiffs until after the discovery deadline, which suggests that Wen was also withholding information from his own counsel. The Law Foundation informed Wen that it was prepared to defend his deposition as initially scheduled, but Wen failed to appear for the deposition. Indeed, had Wen appeared for the deposition as noticed on June 15, 2017, his production of the documents would have been timely. When he did appear for the deposition on August 29, 2017, it was only after being ordered to do so by Judge Lloyd. Wen's deposition, while suggestive of some misunderstanding of the law, also suggests that Wen intentionally withheld information from Defendants, even when Defendants' counsel explained the likely consequences of his continued refusal to disclose witness identities. *See* ECF No. 182 Exh. M.

Second, the Court is not persuaded by Plaintiffs' argument that the disclosure of the documents on August 29, 2017 was timely. As explained above, the discovery deadline was June 15, 2017, and Plaintiffs' failure to timely disclose the documents appears to be wholly caused by Wen's failure to alert his counsel to the documents' existence or to appear at his noticed

19

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE

deposition. Moreover, Defendants are prejudiced by the untimely production of documents and the failure to disclose additional witnesses until November 20, 2017—five months after the fact discovery deadline and four months after the expert discovery deadline. Because the fact and expert discovery deadlines had long passed, Defendants were unable to further investigate the new evidence or depose the people identified in the documents or as witnesses. In addition, the deadline for filing dispositive motions expired on August 31, 2017 and the summary judgment hearing was scheduled for October 12, 2017. Thus, Defendants were effectively precluded from litigating in a summary judgment motion any issues raised by Plaintiffs' August 29, 2017 and November 20, 2017 disclosures. "Reopening discovery is not an acceptable option to cure Plaintiff[s'] total failure to comply with the Court's Rule 16 scheduling order. Such a 'sanction' would render Rule 37 toothless." *Garcia*, 2008 WL 4531657 at *4 (citing *Saudi v. ValmetAppleton, Inc.*, 219 F.R.D. 128, 134 (E.D. Wis. 2003)).

As a result, Defendants' motion in limine is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court orders that this case be tried to a jury. In addition, the Court GRANTS Defendants' motion in limine to preclude the use of untimely disclosed evidence or witnesses.

**IT IS SO ORDERED.**

Dated: December 14, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge