UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al.,<br><br>  Defendants. | Case No. 15-CV-04768-LHK<br><br>**ORDER NOTIFYING PARTIES OF ISSUES TO BE DISCUSSED AT EVIDENTIARY HEARING** |

For the evidentiary hearing scheduled for tomorrow, January 4, 2018, at 10:00 a.m., the Court advises the parties to be prepared to discuss the following issues:

(1) <u>Whether the alleged oral settlement agreement is enforceable even though it was not made "before the court."</u>  The Ninth Circuit has held that "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  In turn, California Civil Code § 664.6 implies that the only oral settlement agreements that are enforceable are those that are made "before the court"—which means that the material terms are placed on the record in open court.  *See also Woods v. Carey*, 2015 WL 7282749, *4 (E.D. Cal. Nov. 18, 2015) ("In California, oral settlement agreements made before the court . . . are enforceable.") (citing Cal.

1
Case No. 15-CV-04768-LHK
ORDER NOTIFYING PARTIES OF ISSUES TO BE DISCUSSED AT EVIDENTIARY HEARING

Civ. Code § 664.6). Thus, in the majority of federal court decisions enforcing oral settlement agreements made in California, the material terms of those agreements were placed "on the record in open court." *Banc of America Strategic Solutions, Inc. v. Mohamed*, 2008 WL 2756602, *2 (S.D. Cal. July 14, 2008) (listing cases). Thus, it appears that the oral settlement agreement alleged in the instant case may not be enforceable because it was not made "before the court."

(2) <u>Whether there are sufficient indicia of Plaintiff Wen's intent to be bound by the alleged oral settlement agreement.</u> The Ninth Circuit has stated that "[w]hether the parties *intended* only to be bound upon the execution of a written signed agreement is a factual issue." *Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987). Under California law, the existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" *Weddington Prod., Inc., v. Flick*, 71 Cal. Rptr. 2d 265, 277 (Cal. Ct. App. 1998) (quoting Cal. Civ. Code § 1580). Thus, an oral settlement agreement is binding where the objective intent of the parties, "not the parties' subjective intent," was to make the agreement binding. *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1430 (2003). Thus, the parties shall be prepared to discuss what objective indicia (if any) there were of Plaintiff Wen's intent to be bound by the alleged oral settlement agreement.

(3) <u>Whether the parties' alleged oral settlement agreement was a complete agreement.</u> The Ninth Circuit has also stated that district courts "may enforce only *complete* settlement agreements." *Callie*, 829 F.3d at 890. Under California law, "settlement agreements are unenforceable when a material term is uncertain or undefined." *Mohamed*, 2008 WL 2756602 at *2 (citing *Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1622–22 (2006)). Further, "release provisions are material terms to a settlement agreement." *Id.* at *3. Here, there appears to be some uncertainty regarding two material terms of the alleged oral settlement agreement.

First, it is unclear whether the alleged oral settlement agreement includes a $25,000 payment to Plaintiff Wen. Specifically, Defendants allege that Defendants accepted Plaintiff Wen's offer to dismiss his action with each side to bear its own fees and costs, and that Wen made this offer immediately *after* declining a settlement offer of $25,000. Thus, it is unclear whether

2

Case No. 15-CV-04768-LHK
ORDER NOTIFYING PARTIES OF ISSUES TO BE DISCUSSED AT EVIDENTIARY HEARING

the alleged oral settlement agreement includes $25,000 to Wen *in addition to* each side bearing its own fees and costs.  Taking into account Wen's "outward manifestations," *Weddington Prod., Inc.*, 71 Cal. Rptr. 2d at 277, it seems implausible that Wen would reject $25,000 only to offer to dismiss the action for essentially nothing.

Second, Defendants do not appear to even allege that the parties agreed to any release provisions.  Although Defendants allege that Plaintiff Wen offered to "dismiss the action if all parties bore their own fees and costs," ECF No. 202 at 6, Defendants do not specify whether Wen agreed to release any (or all) claims against Defendants.  Without this information, if the Court was to attempt to enforce the alleged oral settlement agreement, "it would not know which claims to dismiss with prejudice—such that they could not be brought again in the future—and which to dismiss without prejudice." *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1128 (C.D. Cal. 2002).  Thus, because "[a] settlement agreement, like any other contract is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain," *E.E.O.C. v. Hosp. Housekeeping Sys. of Houston, Inc.* 2013 WL 5817726, *3 (E.D. Cal. Oct. 29, 2013), if there is uncertainty surrounding the release provisions of the alleged oral settlement agreement, such uncertainty may render the alleged agreement unenforceable.

**IT IS SO ORDERED.**

Dated: January 3, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge