KEVIN KNESTRICK (BAR NO. 229620)
FEDERAL PRO SE PROGRAM
280 SOUTH FIRST STREET, ROOM 2070
SAN JOSE, CA 95113



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE et al., <br><br> Plaintiffs, <br><br> v. <br><br> RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al., <br><br> Defendants. | Case No. 15-CV-04768-LHK <br><br> **EX PARTE MOTION TO QUASH SUBPOENA; EX PARTE MOTION TO SHORTEN TIME TO HEAR MOTION TO QUASH; EX PARTE MOTION TO PERMIT PAPER FILING AND ECF SERVICE** |

    Defendant "Retail Store Building Corporation, et al." attempts to serve a subpoena to compel testimony from limited scope legal services attorney Kevin Knestrick of the Federal Pro Se Program at an evidentiary hearing to be held at 10:00 a.m. on January 4, 2018, in the above-referenced case. The subpoena is deficient in multiple respects and must be quashed. The subpoena fails to allow a reasonable time to comply, seeks to require disclosure of privileged or other protected matter, and subjects the person subpoenaed to an undue burden. Fed. R. Civ. P. 45(d)(3)(i),(iii),(iv). Because of the accelerated time frame to respond to the subpoena, movant respectfully requests that the Court shorten time to hear the motion without undergoing the meet and confer obligations to the parties in this action, and permit the paper filing of the motion, which will then be uploaded and served through the Court's ECF system as soon as the Clerk's office opens.

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin,* No. 3:16-mc-80066- JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.,* 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party").

I.   **The subpoena fails to allow a reasonable time to comply, Fed. R. Civ. P. 45(d)(3)(i)**

The subpoena, first emailed on January 3, 2018 at 10:27 a.m., but only delivered with the required witness fee sometime between 12:30 pm and 5:00 p.m. "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(i). At the time of this writing, it remains unclear how the subpoena was delivered, as the proof of service attached to the subpoena is not completed and is not certified. *See* Exhibit A to the Declaration of Kevin Knestrick in support of Motion to Quash Subpoena ("Knestrick Decl."). The witness fee was provided during the afternoon time frame, however the attorney to whom the subpoena was directed was at the Court providing limited scope legal services to other pro se litigants throughout the day and therefore did not receive a physical copy of the subpoena until 5:27 p.m. at the Law Foundation of Silicon Valley. *See* Knestrick Decl. ¶¶ 5,7,8,9,10,13. At most, the subpoena allows 20 hours for compliance, and as a practical matter, the attorney to whom the subpoena is directed has only 16 hours to respond.

Ample case law support that this timeframe is unreasonable. *See Whole Woman's Health v. Paxton,* No. MC 17-00303 JMS-KSC, 2017 WL 4855392, at *2 (D. Haw. Oct. 26, 2017)(collecting cases). In determining the reasonableness of the time to comply with a subpoena, courts conduct a fact-specific inquiry. *Gordon v. Sonar Capital Mgmt. LLC,* No. C 15-80080 LB, 2015 WL 1227848, at *2 (N.D. Cal. Mar. 15, 2015). "Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory." *Bonzani v.*

*Shinseki*, No. 2:11-CV-00007-EFB, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014) (citation and quotations omitted). Courts generally conclude that fewer than 10 days to comply is unreasonable. *Gordon*, 2015 WL 1227848, at *2 (citing *Tri Investments, Inc. v. Aiken Cost Consultants, Inc.*, No. 11–04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (holding that "[s]ix total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition"); *Anderson v. Dobson*, No. 06–02, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (holding that 10 days was not an adequate time for compliance and noting that "the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (holding that six days was not reasonable)). *See also, AngioScore, Inc. v. TriReme Med., Inc.*, Case No. 12-cv-3393-YGR (JSC), 2014 WL 6706898, at *1 n.1 (N.D. Cal. Nov. 25, 2014). The subpoena must be quashed on this basis.

II. **The subpoena requires disclosure of privileged or other protected matter, Fed. R. Civ. P. 45(d)(3)(iii).**

It is evident from Defendants' Motion to Enforce the Oral Settlement Agreement, filed on December 20, 2017 (ECF 203), that the subpoena seeks to compel testimony that "requires disclosure of privileged or other protected matter" prohibited by Fed. R. Civ. P. 45(d)(3)(iii) because it will seek to testimony from an attorney performing duties under a Limited Legal Services Program pursuant to California Rule of Professional Conduct 1-650.

Importantly, the limited scope nature of the attorney-client relationship does not invalidate or make inapplicable the overarching duty of confidentiality that an attorney owes his or her client or the nature of the attorney-client privilege possessed by the client. *See e.g.* Discussion [2] to Rule of Professional Conduct, Rule 1-650 ("Except as provided in this rule 1-650, the Rules of Professional Conduct and the State Bar Act, including the member's duty of confidentiality under

3

Business and Professions Code § 6068(e)(1), are applicable to the limited representation.")

Thus California Rule of Professional Conduct 3-100, Confidential Information of Client, applies to the limited scope attorney-client relationship and requires that "[a] member shall not reveal information protected from disclosure by <u>Business and Professions Code section 6068, subdivision (e)(1)</u> without the informed consent of the client. Cal. Bus. & Prof. Code § 6068(e)(1), in turn, requires an attorney "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

The discussions associated with Rule 3-100, amplify the importance of this rule. Discussion: [1] **"Duty of confidentiality.** Paragraph (A) relates to a member's obligations under Business and Professions Code section 6068, subdivision (e)(1), which provides it is a duty of a member: "To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." A member's duty to preserve the confidentiality of client information involves public policies of paramount importance. (*In Re Jordan* (1974) 12 Cal.3d 575, 580 [116 Cal.Rptr. 371].) Preserving the confidentiality of client information contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is upheld. Paragraph (A) thus recognizes a fundamental principle in the client-lawyer relationship that, in the absence of the client's informed consent, a member must not reveal information relating to the representation. (See, e.g., *Commercial Standard Title Co. v. Superior Court* (1979) 92

Cal.App.3d 934, 945 [155 Cal.Rptr.393].)

This duty of confidentiality is broad and as further explained in Discussion: [2] to the Rule: "**Client-lawyer confidentiality encompasses the attorney-client privilege, the work-product doctrine and ethical standards of confidentiality.** The principle of client-lawyer confidentiality applies to information relating to the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the attorney-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. (See *In the Matter of Johnson* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179; *Goldstein v. Lees* (1975) 46 Cal.App.3d 614 [120 Cal.Rptr. 253].) *The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which a member may be called as a witness or be otherwise compelled to produce evidence concerning a client.* (emphasis added) A member's ethical duty of confidentiality is not so limited in its scope of protection for the client-lawyer relationship of trust and prevents a member from revealing the client's confidential information even when not confronted with such compulsion. Thus, a member may not reveal such information except with the consent of the client or as authorized or required by the State Bar Act, these rules, or other law."

The subpoena at issue seeks testimony that would violate these fundamental tenants of attorney-client confidentiality. It also likely seeks to invade attorney-client communications protected by Rule 502 of the Federal Rules of Evidence. The subpoena must be quashed on this basis.

### III. <u>The subpoena subjects a person to an undue burden, Fed. R. Civ. P. 45(d)(3)(iv).</u>

The subpoena, also "subjects a person to an undue burden" in violation of Fed. R. Civ. P. 45(d)(3)(iv), as it interferes with the administration of the Federal Pro Se Program, performed

5

pursuant to Rule 1-650 of the California Rules of Professional Conduct, and detracts from the Program's ability to serve the many pro se litigants with active cases pending within the Northern District of California's San Jose Division. The Pro Se Program provides counseling to pro se litigants who have an action pending in the Court, or who are contemplating bringing an action in the Court. The Program's services are provided in a manner consistent with Rule 1-650(A) of the California Rules of Professional Conduct which state: "A member who, under the auspices of a program sponsored by a court, government agency, bar association, law school, or nonprofit organization, provides short-term limited legal services to a client without expectation by either the member or the client that the member will provide continuing representation in the matter."

Consideration of undue burden under Rule 45 requires the court to weigh the burden of the subpoenaed party against the requested information's relevancy, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

In determining whether there is undue burden, courts typically 'balance the burden on the recipient of the subpoena, the relevance of the information sought to the claims or defenses at issue in the lawsuit, the scope or breadth of the discovery request, and the party's need for that information.' Third Degree Films, Inc. v. Does 1-178, No. C 12-3858 EMC (MEJ), 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012). The undue burden test also requires that the Court be 'generally sensitive to the costs imposed on third-parties.' Id. (internal quotation omitted).

Failure to quash the subpoena will place a substantial burden on the attorney subpoenaed and negatively impact the attorney's ability to provide a wide range of assistance to pro se litigants involved in all stages of litigation. Allowing the subpoena to be enforced would risk establishing a precedent that is contrary to Rule 1 of the Federal Rules of Civil Procedure's

command that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Federal Pro Se Program would be significantly hampered if the staff attorney was called to testify in proceedings where pro se counseling was provided.

## CONCLUSION

For the foregoing reasons, movant respectfully requests that the Motion to Quash be Granted.

Respectfully submitted,

Dated: January 4, 2018

_/s/ Kevin Knestrick_

Kevin Knestrick