UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al., <br><br> Defendants. | Case No. 15-CV-04768-LHK <br><br> **AMENDED ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT** <br><br> Re: Dkt. No. 202 |

On December 20, 2017, Defendants Retail Store Employee Building Corporation ("Retail Store"), Casa del Pueblo Apartment ("CDP"), and Barcelon Associates Management Corp. ("Barcelon") (collectively, "Defendants") filed a motion to enforce an oral settlement agreement. ECF No. 202. On January 4, 2018, the Court held an evidentiary hearing on Defendants' motion. On January 5, 2018, after having considered the parties' submissions and oral testimony, the relevant law, and the record in this case, the Court granted Defendants' motion. ECF No. 220 (the "January 5, 2018 order").

The instant order supersedes the January 5, 2018 order. The only difference between the instant order and the January 5, 2018 order is that while the January 5, 2018 order cited to a draft transcript of the January 4, 2018 evidentiary hearing on Defendants' motion to enforce an oral

1
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

settlement agreement, the instant order cites to that hearing's certified transcript, which was filed on January 10, 2018. ECF No. 221.

The January 5, 2018 order and the instant order cite the same section of the January 4, 2018 evidentiary hearing. The text of that section did not change from the draft transcript to the certified transcript. However, unlike the draft transcript, the certified transcript includes a one-page "Index of Witnesses." Furthermore, the proofreading and editing between the rough transcript and the certified transcript may have shifted some text to different line or page numbers. Thus, the page numbers in the certified transcript are higher than the page numbers in the draft transcript.

## I. BACKGROUND

### A. Factual Background and Procedural History

Plaintiff Maria Lee ("Maria") and her son, Plaintiff Wen Lee ("Wen") (collectively, "Plaintiffs"), appearing pro se, brought this action against Defendants on October 15, 2015. *See* ECF No. 1. From 2000 to 2013, Maria lived at a CDP senior living facility that was owned by Retail Store and managed by Barcelon. ECF No. 104 ¶¶ 5–9. Plaintiffs assert causes of action arising out of Defendants' alleged "persistent course of discrimination . . . because of [Maria's] disability." *Id.* ¶ 1. Specifically, Plaintiffs allege that Defendants "harassed and evicted [Plaintiffs] because of behavior associated with [Maria's] dementia." *Id.*

Retail Store and CDP moved to dismiss Plaintiffs' original complaint on May on April 6, 2016. ECF No. 39. In lieu of opposing this motion, on May 2, 2016, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 52. Retail Store and CDP then moved to dismiss Plaintiffs' FAC on May 13, 2016. ECF No. 60. On June 3, 2016, the Law Foundation of Silicon Valley appeared on behalf of Plaintiffs in this case. ECF Nos. 62, 63. Plaintiffs filed a response on June 20, 2016, and Retail Store and CDP filed a reply on June 29, 2016. ECF Nos. 76, 81. Barcelon moved to dismiss Plaintiffs' FAC on June 9, 2016. ECF No. 69. Plaintiffs filed a response on June 21, 2016, and Barcelon filed a reply on June 30, 2016. ECF Nos. 78, 82. On August 9, 2016, the Court granted all Defendants' motions to dismiss. ECF No. 93.

On September 8, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 104. On September 27, 2016, Retail Store and Barcelon each brought a motion to dismiss the SAC. ECF Nos. 111, 112. On October 11, 2016, Plaintiffs filed a single opposition to both motions, ECF No. 114, and on October 18, 2016, Retail Store and Barcelon each filed a reply. ECF Nos. 115, 116. On January 24, 2017, the Court granted in part and denied in part Retail Store and Barcelon's motions to dismiss with prejudice. ECF No. 134. The Court also ordered Plaintiffs to file a motion to appoint Wen as Maria's guardian ad litem. *Id.*

On February 1, 2017, Plaintiffs filed a motion to appoint Wen as Maria's guardian ad litem for the purposes of this action. ECF No. 136. On February 2, 2017, Defendants filed answers to the SAC as to Wen. ECF Nos. 137, 138. On February 13, 2017, the Court granted Plaintiffs' motion to appoint Wen as Maria's guardian ad litem. ECF No. 141. On February 21 and 22, 2017, Defendants filed answers to the SAC as to Maria. ECF Nos. 144, 145.

On June 20, 2017, Plaintiffs' counsel moved to withdraw. ECF No. 160. On July 12, 2017, the Court granted Plaintiffs' counsel's motion to withdraw. ECF No. 162. The Court notes that although Plaintiffs once again represent themselves, they appear to be availing themselves of the Federal Pro Se Program, which provides assistance to pro se litigants.

Neither party filed a motion for summary judgment. On November 30, 2017, the parties filed their pretrial conference statements, in which they disagreed about whether this case should be tried to a jury or to the Court. ECF No. 181 at 13; ECF No. 183 at 8. In light of the continuing disagreement about the format of the trial, the Court on December 6, 2017 ordered the parties to brief whether this case should be tried to a jury or to the Court. ECF No. 187. Both sides filed their briefs on December 11, 2017. ECF Nos. 191, 193. Also on November 30, 2017, Defendants filed a motion in limine to preclude Plaintiffs from introducing exhibits or calling witnesses that were not timely disclosed. ECF No. 182. On December 11, 2017, Plaintiffs filed an opposition to the motion in limine. ECF No. 192. On December 12, 2017, Defendants filed a reply. ECF No. 195.

On December 14, 2017, the Court held a pretrial conference. *See* ECF No. 197. In

advance of the pretrial conference, the Court granted Plaintiffs' request for a jury trial and granted Defendants' motion in limine. ECF No. 196. Later that day, after the pretrial conference, the Court entered an order that, among other things, directed the parties to file a joint settlement status report by December 19, 2017. ECF No. 198 at 1.

On December 19, 2017, the parties filed a joint settlement status report stating that (1) the parties reached a settlement agreement on December 14, 2017 after the pretrial conference; (2) pursuant to the agreement, Plaintiff "would dismiss the action if all parties bore their own fees and costs"; (3) on December 18 and 19, 2017, Plaintiff decided not to agree to the settlement and not to dismiss the action; and (4) Defendants anticipated filing a motion to enforce the settlement. ECF No. 199.

Subsequently, on December 20, 2017, Defendants filed the instant motion to enforce an oral settlement agreement. ECF No. 202 ("Mot."). A hearing for that motion was originally set for March 22, 2018, at 1:30 p.m. However, Defendants filed a motion requesting that their motion to enforce an oral settlement agreement be heard on January 12, 2018, at 9:00 a.m.—the day and time trial was set to begin. ECF No. 203. On December 21, 2017, the Court granted in part Defendants' motion to shorten time and set an evidentiary hearing on Defendants' motion to enforce an oral settlement agreement for January 4, 2018, at 10:00 a.m. ECF No. 204. The Court also directed Plaintiffs to respond to Defendants' motion to enforce an oral settlement agreement by Thursday, December 28, 2017, and allowed Defendants to file a reply by January 2, 2018. *Id.* On December 28, 2017, Plaintiffs filed a "Memorandum in Support of Opposition to Motion to Enforce Oral Settlement Agreement" and a declaration by Wen in support of the memorandum. ECF No. 209; ECF No. 210. Defendants filed a reply on January 2, 2018. ECF No. 213. The Court held an evidentiary hearing on Defendants' motion to enforce an oral settlement agreement on January 4, 2018, at 10:00 a.m.

### B. Facts Alleged In the Parties' Filings

In Defendants' motion to enforce an oral settlement agreement and the declarations by Defendants' counsel in support of that motion, Defendants state that immediately after the

December 14, 2017 pretrial conference, Wen and counsel for Defendants engaged in informal settlement discussions in the hallway outside the courtroom.  Mot. at 5; *id.* at 12–13 ("Borsutzki Decl.") ¶ 4; *id.* at 14–15 ("Ellis Decl.") ¶ 4.  Defendants allege that John Ellis, counsel for Defendants Retail Store and CDP, "made an offer on behalf of all Defendants to Wen in an amount of $25,000.00" in the presence of Claudia Borsutzki (counsel for Defendant Barcelon), Wen's interpreter Ginger Wang, and Kevin Knestrick, a staff attorney for the Federal Pro Se Program who was assisting Wen.  Mot. at 5; Ellis Decl. ¶ 5.  Defendants state that Wen discussed the offer with Mr. Knestrick with the assistance of Ms. Wang, and then declined the offer.  Mot. at 6; Borsutzki Decl. ¶¶ 6–7; Ellis Decl. ¶¶ 6–7.  However, Defendants allege that, by and through Ms. Wang, Wen "made the offer that he would dismiss the action if all parties bore their own fees and costs."  Mot. at 6.  Defendants state that "[t]he offer was written on a sheet of paper by Ms. Wang to provide the proper terms."  *Id.*; Borsutski Decl. ¶ 7; Ellis Decl. ¶ 7.

Defendants allege that, through their respective attorneys, they accepted Wen's offer and "even shook [Wen's] hand to seal the deal."  Mot. at 6; Borsutzki Decl. ¶ 8; Ellis Decl. ¶ 8.  Then, "Mr. Knestrick asked for Defense counsel to prepare the needed Stipulation and Proposed Order to be forwarded to [Wen], so that [Wen] could review it with Mr. Knestrick before Plaintiffs' execution of the same."  Mot. at 6; Borsutzki Decl. ¶ 9; Ellis Decl. ¶ 9.

In their motion to enforce an oral settlement agreement, Defendants include Defendants' counsel's email correspondence with Wen between December 15, 2017 and December 19, 2017. Mot. Exhs. B–G.  On December 15, 2017, Ms. Borsutzki drafted a stipulation and proposed order and forwarded it to Mr. Ellis, who then forwarded it to all parties.  Mot. Exhs. B & G; *see* Borsutzki Decl. ¶ 10; Ellis Decl. ¶¶ 10–11.  Plaintiffs did not respond to this email, so Ms. Borsutzki sent a follow-up email to all parties on December 18, 2017.  Mot. Exh. C.  Later on December 18, 2017, Wen responded via email to Ms. Borsutzki's follow-up email by stating that "I decided not to agree with SETTLEMENT.  Thank you."  Mot. Exh. D.  On the same evening, Ms. Borsutski replied to Wen, again via email, stating that "[w]e are not talking about the settlement but the dismissal.  We had an agreement that you would dismiss the case and all parties

1 bear their costs and fees.  We kindly ask you to sign the stipulation Mr. Ellis forwarded to you."
2 Mot. Exh. E.  The next morning, on December 19, 2017, Wen emailed a reply to Ms. Borsutzki,
3 stating only that "I do not dismiss this case right now.  Thank you."  *Id.*

4 For Plaintiffs' part, both Plaintiffs' opposition to Defendants' motion to enforce an oral
5 settlement agreement and Wen's declaration in support of Plaintiffs' opposition state the same
6 thing: "On December 14, 2017 after Pretrial Plaintiff Wen T. Lee negotiated with Defendants
7 attorneys Mr. Ellis and Ms. Borsutzki at the hallway of Court, at that time, the information was not
8 enough to make the right decision."  ECF No. 209 at 2; ECF No. 210 at 2.  Plaintiffs also
9 submitted an evidentiary hearing exhibit consisting of further email correspondence between Mr.
10 Ellis and Wen on December 19, 2017.  *See* ECF No. 219.  The exhibit shows that on the afternoon
11 of December 19, 2017, Mr. Ellis emailed the following to Wen:

> You have not explained why you wrote that you feel there is no settlement.
>
> On Dec. 14, we offered $25,000.  You rejected our offer.  There is no offer now for any monetary settlement.
>
> After the trial readiness conference, we then accpeted [sic] your offer and we agreed that the case would be dismissed with each party to bear its own costs and fees.  You made this offer and rejected our offer after you consulted with the law foundation attorney.  We all agreed to this.  We don't know why you now feel there is no settlement.
>
> We are going to bring a motion to enforce the agreed upon settlement and/or to have the lawsuit dismissed.

20 *Id.* at 1.  The exhibit also shows that Wen replied to Mr. Ellis stating only: "No truth no
21 settlement.  Thank you[.]"  *Id.* at 2.

## II.     LEGAL STANDARD

District courts have the inherent power to enforce a settlement agreement in an action pending before it.  *See TNT Marketing, Inc. v. Aaresti*, 796 F.2d 276, 278 (9th Cir. 1986).  "The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement."  *Woods v. Carey*, 2015 WL 7282749, *4 (E.D. Cal. Nov. 18, 2015).  "The construction and enforcement of settlement agreements are governed by principles of local law

6
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). This is true even if the underlying cause of action is based upon a federal statute. *Woods*, 2015 WL 7282749 at *4. Thus, the Court applies California law "regarding formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached." *Id.*

Under California law, "unless a writing is required by the statute of frauds, oral settlement agreements are enforceable in the same manner as oral agreements in general." *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1681 (1991); *see id.* at 1682 (listing California cases in which out-of-court oral settlement agreements were found to be enforceable). In the instant case, it is clear that California's statute of frauds, California Civil Code § 1624, is not applicable to the alleged oral settlement agreement because the alleged agreement—which calls for Plaintiffs to dismiss their action and for each party to bear its own fees and costs—is not one of the types of contracts listed in California Civil Code § 1624 as "invalid" without a writing.

"Whether the parties *intended* only to be bound upon the execution of a written signed agreement is a factual issue." *Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987). In California, the existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" *Weddington Prod., Inc., v. Flick*, 60 Cal. App. 4th 793, 811 (1998) (quoting Cal. Civ. Code § 1580). Thus, an oral settlement agreement is binding where the objective intent of the parties, "not the parties' subjective intent," was to make the agreement binding. *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1430 (2003).

Further, the Ninth Circuit has cautioned that district courts "may enforce only *complete* settlement agreements." *Callie*, 829 F.3d at 890. "[A] complete agreement is one where the parties have manifested their mutual assent to all the material terms." *Mohamed*, 2008 WL 2756602 at *2. Under California law, "settlement agreements are unenforceable when a material term is uncertain or undefined." *Id.* (citing *Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1621–22 (2006)).

### III. DISCUSSION

Based on the parties' submissions and oral testimony at the January 4, 2018 evidentiary hearing, the Court finds that the parties entered into an enforceable oral settlement agreement on December 14, 2017 after the pretrial conference.

At the evidentiary hearing, Mr. Ellis testified that immediately after the December 14, 2017 pretrial conference, in the hallway outside the courtroom, Mr. Ellis asserted to Wen—who was accompanied by Ms. Wang and Mr. Knestrick—that in light of the Court's ruling on Defendants' motion in limine, Plaintiffs had little chance of prevailing at trial. ECF No. 221 ("Transcript") at 15. Consistent with Defendants' motion to enforce an oral settlement agreement, Mr. Ellis then testified that (1) Mr. Ellis offered Plaintiffs $25,000 in exchange for a dismissal of the action with prejudice; (2) after discussing the offer with Ms. Wang and Mr. Knestrick for about 20 minutes, Wen rejected the offer; and (3) through a note read by Ms. Wang, Wen offered "to dismiss the case with prejudice . . . in its totality . . . and each party will bear its own costs and fees." *Id.* at 16–18. Mr. Ellis further testified that Defendants "accepted [Wen's] offer and that was the end of it," that Mr. Ellis "believe[d] [he] shook [Wen's] hand," and that "[a]fter the deal was done, [Wen] said . . . [']but we don't accept your offer'" because Wen "wanted to make that clear, that [Wen] was proposing the terms of the—of the agreement." *Id.* at 18–19.

The Court finds that Mr. Ellis's oral testimony at the January 4, 2018 evidentiary hearing was credible. Further, the Court finds that Mr. Ellis's account of the events surrounding the alleged oral settlement agreement was substantially corroborated by Wen's oral testimony at the evidentiary hearing, which Wen gave through an interpreter. At the hearing, Wen testified that Defendants offered him $25,000 to settle the case, but that Wen rejected that offer. *Id.* at 26–27. Then, although he was demonstrably reluctant to give a straight answer about whether he in fact offered to dismiss Plaintiffs' action if each side bore its own fees and costs, Wen eventually admitted to making the offer:

> The Court: Did you offer to dismiss this case if each side would pay for its own attorneys' fees and costs?

8
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

United States District Court
Northern District of California

Mr. Lee: I thought about it at that time.

The Court: Did you offer? Did you express that offer? Did you say that offer to the defendants?

Mr. Lee: Yes, I said I'm going to dismiss because I want to go outside and take it to the public.

The Court: All right. So you specifically said you would dismiss your case if each side would pay its own costs and fees?

Mr. Lee: I thought about it at that time. I had no more evidence to present, so I knew that I have no more case. And then I went back, I found out that I have some evidence that I can still pursue in this case.

The Court: So you made an offer to the defendants to dismiss your case if each side paid for its own fees and costs?

Mr. Lee: This is with limited information. It's a wrong decision on my part.

The Court: Okay. But you did make the offer; correct?

Mr. Lee: Yes, I did.

*Id.* at 27–28. Shortly thereafter, when asked whether Defendants accepted his offer, Wen refused to answer. *Id.* at 30. Then, Wen explained that he changed his mind about dismissing the case after he got home. Specifically, Wen stated: "[A]fter I got home, I found out there is some more information that—their information, because within the complaint, I have all those attached within." *Id.* at 31. Wen affirmed that this prompted him to change his mind about settling the case, explaining that in light of this evidence, "I feel that it [settling] is not beneficial for me." *Id*.

Based on the parties' submissions and the oral testimony of both Mr. Ellis and Wen, the Court finds that after the December 14, 2017 pretrial conference, both parties exhibited sufficient "outward manifestations" of an intent to be bound by an oral settlement agreement. *Flick*, 60 Cal. App. 4th at 811. Specifically, according to both Mr. Ellis and Wen, Wen rejected an offer to settle the case for $25,000, but then affirmatively offered to dismiss the action if each party bore its own fees and costs. Further, Mr. Ellis asserts—and Wen does not dispute—that Defendants promptly accepted Wen's offer. Thus, the objective intent of both Wen and the Defendants was to be bound by the oral agreement to dismiss the action if each party bore its own fees and costs.

9
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

Additionally, the Court finds that the oral settlement agreement reached by the parties was a complete agreement. *Callie*, 829 F.3d at 890. Again, as both Mr. Ellis and Wen testified, after rejecting an offer to settle the case for $25,000, Wen offered to dismiss the action if each party bore its own fees and costs. Mr. Ellis also testified that after Defendants accepted Wen's offer, Wen reiterated that "we [Plaintiffs] don't accept your offer," because Wen "wanted to make that clear, that [Wen] was proposing the terms" of the agreement. Transcript at 18. Thus, the material terms of the oral settlement agreement reached by the parties are straightforward: Plaintiffs would dismiss their action with prejudice, and each party would bear its own fees and costs. Although Wen testified that he later felt that the terms of the agreement were no longer "beneficial" for him after finding more evidence, *id.* at 31, Wen "may no longer like the terms of the settlement, but he agreed to those terms . . . and [D]efendants have the right to enforce them." *McCovey v. Pac. Lumber Co.*, 1992 WL 228888, *4 (N.D. Cal. May 29, 1992).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to enforce the oral settlement agreement is GRANTED. Pursuant to the oral settlement agreement, the Court ORDERS that this action be dismissed with prejudice, and that each party bear its own attorney's fees and costs. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 10, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

10
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT