Name  MARIA W. LEE, WEN T. LEE

Address  238 LYNDALE AVENUE

City, State, Zip  SAN JOSE CA 95127

Phone  408-8071460

Fax

E-Mail  rogerwtlee2k@gmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

*FILED*

FEB 02 2018

CLERK SUSAN Y SOONG
NORTHERN U.S. DISTRICT COURT
DISTRICT OF COURT
SAN JOSE CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| MARIA W. LEE, WEN T. LEE | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 15-CV-04768-LHK |
| v. RETAIL STORE EMPLOYEE BUILDING CORP. et al., | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ MARIA W. LEE, WEN T. LEE _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Document 196, Document 222

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on  12/14//2017, 01/10/2018 . Entered on the docket in this action on  12/14/2017, 01/10/2018 .

A copy of said judgment or order is attached hereto.

Feburay 02, 2018

Date

Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                    NOTICE OF APPEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA W. LEE, et al., | Case No. 15-CV-04768-LHK |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS' MOTION IN LIMINE** |
| v. | |
| RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al., | Re: Dkt. Nos. 182, 187 |
| Defendants. | |

Plaintiffs Maria and Wen Lee ("Plaintiffs") filed a housing discrimination complaint against Retail Store Employee Building Corporation, Casa Del Pueblo Apartments, and Barcelon Associates Management Corporation ("Defendants") on October 15, 2015. ECF No. 1. The case is scheduled for a two-day bench trial on January 12 and 16, 2018. The parties dispute whether this case should be tried to a jury or to the Court. After considering the parties' briefs, the record in this case, and the relevant law, the Court concludes that this case should be tried to a jury. Also before the Court is Defendants' motion in limine, in which Defendants seek to exclude certain exhibits and witnesses that were not timely disclosed. ECF No. 182. For the reasons explained below, the Court GRANTS Defendants' motion in limine.

1

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

## I.   BACKGROUND

### A.   Factual Background

From 2000 to 2013, Maria Lee ("Maria") lived at the Casa del Pueblo Apartment ("CDP") complex, a senior living facility. Second Amended Complaint ("SAC"), ECF No. 104 at ¶¶ 8, 12. During this period, CDP was owned by Retail Store Employees Building Corporation ("Retail Store") and managed by Barcelon Associates Management Corporation ("Barcelon"). *Id.* ¶¶ 7-8. Maria is in her late 80s and was diagnosed with dementia in 2012. *Id.* ¶ 27. Maria's husband, Yin-Chiau Joseph Lee ("Joseph"), lived with Maria in the apartment until he passed away in November 2012. *Id.* ¶ 12. Plaintiff Wen Lee ("Wen"), Maria and Joseph's son, moved to San Jose from Taiwan to take care of Maria and Joseph in 2011. *Id.* ¶ 14. Wen "became his parents' live-in caretaker in mid-2011 and was a resident and lived in their apartment at CDP." *Id.* Maria's daughter, Lin Lee ("Lin"), lived with Maria until Wen came to live at CDP in 2011. *Id.* ¶ 25.

Maria and Wen were evicted from CDP on October 17, 2013. Plaintiffs contend that this eviction was due to Maria's dementia, and as a result that their eviction constituted unlawful housing discrimination. Defendants contend that Plaintiffs were evicted because of Maria's and Wen's erratic and threatening behavior and because Maria and Wen allowed Lin to live in their apartment without permission. *See* ECF No. 111 at 6.

### B.   Procedural History

On October 17, 2014, Maria filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD"), which asserted that she was the subject of discriminatory treatment by CDP staff. Pursuant to HUD policy, Maria's complaint was forwarded to the California Department of Fair Employment and Housing ("DFEH"). On November 6, 2015, DFEH closed Maria's case after finding that she had presented insufficient evidence of discrimination.

Plaintiffs, appearing pro se, filed the original complaint in federal court on October 15, 2015, which mirrored the allegations set forth in Maria's HUD complaint. ECF No. 1. The

2

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

original complaint asserted causes of action under the Fair Housing Amendments Act ("FHAA")

and Fair Employment and Housing Act ("FEHA"). *Id.* The original complaint demanded a jury

trial. On April 6, 2016, Retail Store and CDP moved to dismiss the original complaint. ECF No.

39. In lieu of opposing this motion, on May 2, 2016, Plaintiffs filed the First Amended Complaint

("FAC"), which kept the jury demand and the same two causes of action but added Barcelon as a

Defendant. ECF No. 52. As a result, the Court denied Defendants' motions to dismiss as moot.

ECF No. 53. On June 17, 2016, Barcelon declined magistrate judge jurisdiction, and on June 21,

2016, the instant action was reassigned to the undersigned judge. ECF No. 79.

Retail Store and CDP moved to dismiss the FAC on May 13, 2016. ECF No. 60. On June

3, 2016, the Law Foundation of Silicon Valley ("the Law Foundation" or "Plaintiffs' counsel")

appeared on behalf of Plaintiffs in this case. ECF Nos. 62, 63. Maria and Wen filed a response on

June 20, 2016, and Retail Store and CDP filed a reply on June 29, 2016. ECF No. 76; ECF No.

81.

Barcelon moved to dismiss the FAC on June 9, 2016. ECF No. 69. Maria and Wen filed a

response on June 21, 2016, and Barcelon filed a reply on June 30, 2016. ECF No. 78; ECF No.

82.

On August 9, 2016, the Court granted Defendants' motions to dismiss for three reasons:

Maria lacked capacity, Wen did not have standing, and Plaintiffs failed to state a claim under the

FHAA or FEHA because they failed to allege that any actions were taken because of a disability.

ECF No. 93 at 13.

On September 8, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No.

104. The SAC alleges violation of the FHAA and FEHA, but significantly changes the factual

allegations supporting those claims. *Id.* The SAC does not contain a jury demand. On September

27, 2016, Retail Store and Barcelon each brought a Motion to Dismiss the Second Amended

Complaint. ECF No. 111; ECF No. 112. On October 11, 2016, Plaintiffs filed a single opposition

to both motions. ECF No. 114. On October 18, 2016, Retail Store and Barcelon each filed a

3

United States District Court
Northern District of California

1    reply. ECF No. 116; ECF No. 115. On January 24, 2017, the Court granted in part and denied in

2    part the Motions to Dismiss the Second Amended Complaint. ECF No. 134. Two claims

3    survived: (1) housing discrimination based on eviction due to Maria's dementia, in violation of the

4    Fair Housing Amendments Act, 42 U.S.C. § 3604(f)(1); and (2) housing discrimination based on

5    eviction due to Maria's dementia, in violation of California's Fair Employment and Housing Act,

6    Cal. Gov't Code § 12955(a), (k). The Court also ordered Plaintiffs to file a motion to appoint Wen

7    as Maria's guardian ad litem. *Id.*

8         On February 1, 2017, Plaintiffs filed a motion to appoint Wen as Maria's guardian ad

9    litem. ECF No. 136. On February 2, 2017, Defendants filed answers to the SAC as to Wen and

10   demanded jury trials. ECF Nos. 137, 138. On February 13, 2017, the Court granted Plaintiffs'

11   motion to appoint Wen as Maria's guardian ad litem. ECF No. 141. On February 21 and 22,

12   2017, Defendants filed answers to the SAC as to Maria and again demanded jury trials. ECF Nos.

13   144, 145.

14        On March 8, 2017, the Court held a case management conference. *See* ECF No. 147.

15   During that conference, while setting the case schedule, the Court said, "Let's set it for January

16   12th and 16th. This is a jury trial, correct? No, it's a bench trial." Plaintiffs' counsel responded,

17   "It's a bench trial." The Court then said, "Then I think we'll do two days. I will make it two days.

18   Okay. So January 12 and 16, that will be a Friday and a Tuesday. Okay." The Court then asked

19   whether the case schedule was acceptable to the parties, and all counsel responded that it was

20   acceptable. Defendants did not object to the characterization of the trial as a bench trial, but

21   neither did Defendants explicitly agree to a bench trial. The Court issued a case management

22   order on March 8, 2017, setting a two-day bench trial for January 12 and 16, 2018. ECF No. 148.

23   The Court set June 15, 2017 as the deadline for fact discovery, June 29, 2017 as the deadline for

24   opening expert reports, July 13, 2017 as the deadline for rebuttal expert reports, and July 27, 2017

25   as the deadline for the close of expert discovery. The Court set August 31, 2017 as the deadline

26   for filing dispositive motions. *Id.*

27

28   Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

4

United States District Court
Northern District of California

Case 5:15-cv-04768-LHK   Document 196   Filed 12/14/17   Page 5 of 20

Defendants noticed Wen's deposition for June 15, 2017. *See* ECF No. 182 Exh. B. On June 13, 2017, Wen notified his counsel that he no longer wanted them to represent him and his mother in this matter. ECF No. 160 at 3. Counsel informed Wen that his deposition would still proceed as scheduled and that counsel would still defend Wen's deposition. *Id.* Wen failed to appear for the deposition. ECF No. 182 Exh. C. Fact discovery closed on June 15, 2017.

On June 20, Plaintiffs' counsel moved to withdraw. ECF No. 160. On July 12, 2017, the Court granted Plaintiffs' counsel's motion to withdraw. ECF No. 162. The Court notes that although Plaintiffs once again represent themselves, they appear to be availing themselves of the Federal Pro Se Program, which provides assistance to pro se litigants.

On July 14, 2017, Defendants' counsel spoke with Wen about scheduling Wen's deposition. ECF No. 182 Exh. D. Wen stated that he could not be deposed at that time because he was still looking for an attorney. Defendants' counsel responded that Wen should have any new attorney contact their office by July 24, 2017 to schedule the deposition. On July 24, 2017, Wen emailed Defendants' counsel to propose deposition dates of October 3, 4, or 5, 2017. ECF No. 182 Exh. E. Defendants' counsel replied on July 24, 2017 that October was too late and requested Wen identify dates in August or early September. ECF. No. 182 Exh. F. The next day, however, Defendants' counsel appears to have noticed the deposition for October 4, 2017. *See* ECF No. 166 at 3, 8. Defendants' counsel then changed the date of Wen's deposition to August 29, 2017. *Id.* at 4-6; ECF No. 182 Exh. G.

Wen objected to the deposition being taken on August 29, 2017, and filed a motion to compel the deposition to occur on October 4, 2017. ECF No. 166. Judge Lloyd held a hearing on Wen's motion on August 24, 2017, and ordered Wen to appear for the deposition on August 29, 2017. ECF Nos. 169, 170. Wen appeared for the deposition on August 29, 2017, and produced several documents that were not included in Plaintiffs' initial disclosures. ECF No. 182 Exh. J. Many of the documents, which the Court discusses in more detail below, were dated a month to a year prior to the fact discovery deadline of June 15, 2017. Wen's deposition was completed on

5

United States District Court
Northern District of California

1   September 18, 2017.  ECF No. 182 Exh. K.  During the deposition on September 18, 2017, Wen

2   stated that he knew of eyewitnesses to the incidents at issue in this case, but Wen refused to

3   disclose the witnesses' identities.  ECF No. 182 Exh. M.  Wen stated that he would disclose the

4   witnesses' identities "later," "before trial," because he thought that Defendants would harass the

5   witnesses and so it was to his advantage to withhold the witnesses' identities.  *Id.*

6        Neither party filed a motion for summary judgment.  Plaintiffs filed a case management

7   statement on October 10, 2017, in which they proposed a new case schedule, with new deadlines

8   for amending pleadings, fact discovery, expert discovery, and dispositive motions.  ECF No. 173

9   at 6.  Plaintiffs proposed a four-day jury trial to be set in June 2018.  *Id.*  Defendants' case

10   management statement did not propose varying from the Court's previous case schedule and

11   characterized the trial as a two-day bench trial.  ECF No. 174 at 5.  At the case management

12   conference on October 18, 2017, the Court denied Plaintiffs' request to change the case schedule.

13   The Court issued a case management order characterizing the trial as a two-day bench trial.  ECF

14   No. 176.

15        On November 20, 2017, Plaintiffs supplemented their initial disclosures.  ECF No. 182

16   Exh. L.  In this supplemental disclosure, Plaintiffs identified ten new witnesses and about eight

17   new exhibits that were not previously disclosed.  *Id.*

18        On November 30, 2017, the parties filed their pretrial conference statements, in which they

19   disagreed about whether this case should be tried to a jury or to the Court.  ECF No. 181 at 13;

20   ECF No. 183 at 8.  In light of the continuing disagreement about the format of the trial, the Court

21   on December 6, 2017 ordered the parties to brief whether this case should be tried to a jury or to

22   the Court.  ECF No. 187.  Both sides filed their briefs on December 11, 2017.  ECF No. 191, 193.

23        Also on November 30, 2017, Defendants filed the instant motion in limine to preclude

24   Plaintiffs from introducing exhibits or calling witnesses that were not timely disclosed.  ECF No.

25   182.  Under the Court's standing order for bench trials, any opposition to the motion in limine was

26   due on December 4, 2017.  Plaintiffs did not file a timely opposition.  On December 6, 2017,

27

28

6

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

Defendants filed a notice of non-opposition to Defendants' motion in limine. ECF No. 185.  On December 8, 2017, Plaintiffs filed a declaration stating that Wen produced the documents at issue in the motion in limine during his deposition on August 29, 2017. ECF No. 189.  Plaintiffs noted their intent to file an opposition on December 8 or December 11, 2017.  *Id.*  On December 11, 2017, Plaintiffs filed an opposition to the motion in limine. ECF No. 192.  On December 12, 2017, Defendants filed a reply urging the Court to disregard Plaintiffs' opposition as untimely. ECF No. 195.

## II.   LEGAL STANDARD

### A.   Making and Withdrawing a Jury Demand

Federal Rule of Civil Procedure 38(b) provides: "On any issue triable of right by a jury, a party may demand a jury trial by: serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Rule 38(d) states that "[a] proper demand may be withdrawn only if the parties consent." Rule 39(a) provides that once a jury demand has been made, "[t]he trial on all issues so demanded must be by jury unless . . . the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record," or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." "Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, . . . courts should indulge every reasonable presumption against waiver." *SEC v. Jensen*, 835 F.3d 1100, 1107 (9th Cir. 2016) (quoting *Solis v. County of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008)).

### B.   Motion In Limine

"Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence." *Van v. Language Line Servs., Inc.*, No. 14-CV-3791-LHK, 2016 WL 3566980, at *1 (N.D. Cal. June 30, 2016) (quoting *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, *1 (D. Mont. Oct. 26, 2010)).  The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties. *See, e.g.*, *Navellier v. Sletten*, 262

7

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

United States District Court
Northern District of California

1   F.3d 923, 941-42 (9th Cir. 2001) (imposing limits on the parties' presentation of evidence is

2   within "the broad discretion that the district court had to manage the trial").  In addition, the

3   Federal Rules of Evidence "confer broad discretion on the trial judge to exclude evidence on any

4   of the grounds specified in Rule 403." *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir.

5   1977).  Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if

6   its probative value is substantially outweighed by a danger of one or more of the following: unfair

7   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

8   presenting cumulative evidence."

9          "If a party fails to provide information or identify a witness as required by Rule 26(a) or

10  (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

11  hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

12  37(c)(1).  The district court has wide latitude in exercising its discretion to issue sanctions

13  under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

14  Cir.2001) (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto*

15  *Rico*, 248 F.3d 29, 34 (1st Cir.2001)).  Sanctions under Rule 37(c)(1) are meant to provide a

16  strong inducement for the disclosure of material, and "[t]he Advisory Committee Notes describe it

17  as a 'self-executing,' 'automatic' sanction." *Id.* (citing Fed. R. Civ. P. 37 advisory committee's

18  note (1993)).  "Courts have upheld the use of the sanction even when a litigant's entire cause of

19  action or defense has been precluded." *Id.* (citation omitted).  Unless the sanction acts as a

20  dismissal of the cause of action, the court need not identify "willfulness, fault, or bad faith." *See*

21  *id.*

22         "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may

23  be introduced if the parties' failure to disclose the required information is substantially justified or

24  harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)).  The burden to make such a showing is on the

25  party who failed to make the required disclosure. *See id.* at 1106-07. "

26  **III.    DISCUSSION**

27

28  Case No. 15-CV-04768-LHK
    ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
    MOTION IN LIMINE

8

United States District Court
Northern District of California

1    The Court first addresses whether this case should be tried to a jury or the Court.  The

2    Court then rules on Defendants' motion in limine.

3    **A.    Whether This Case Should Be Tried to a Jury or to the Court**

4    The Court first briefly recaps the procedural history relevant to the jury demand issue and

5    then assesses whether a timely jury demand was made in this case.  The Court then analyzes

6    whether the jury demand was properly withdrawn.

7       **1.  A Timely Jury Demand Was Made**

8          **a.  Procedural History**

9    To briefly summarize the procedural history relevant to the jury demand issue, Plaintiffs'

10   Complaint and First Amended Complaint, filed while Plaintiffs were pro se, demanded a trial by

11   jury.  ECF Nos. 1, 52.  Plaintiffs' Second Amended Complaint, filed while Plaintiffs were

12   represented by the Law Foundation, did not contain a jury demand.  ECF No. 104.  In their

13   Answers to the Amended Complaint and Second Amended Complaint, Defendant Barcelon and

14   Defendants Retail Store and Casa Del Pueblo Apartments demanded a jury trial.  ECF Nos. 137,

15   138, 144, 145.

16   At the case management conference on March 8, 2017, counsel for Plaintiffs stated that the

17   case should be a bench trial and none of the Defendants objected.  The Court subsequently issued

18   a case management order setting a two-day bench trial to begin January 12, 2018.  ECF No. 148.

19   On July 12, 2017, the Court granted the Law Foundation's motion to withdraw as Plaintiffs'

20   counsel based on Plaintiffs' dissatisfaction with the Law Foundation's representation and a

21   breakdown in the attorney-client relationship.  ECF No. 162.  On October 10, 2017, in the next

22   case management statement filed by Plaintiffs, who were again proceeding pro se, Plaintiffs stated

23   that the case would be tried to a jury.  ECF No. 173.  Defendants' case management statement

24   characterized the trial as a bench trial.  ECF No. 174.  The Court's October 18, 2017 case

25   management order characterized the trial as a bench trial.  ECF No. 176.  In the parties' joint

26   pretrial statement, the parties dispute whether the trial should be a jury trial or a bench trial.  ECF

27

28   Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

United States District Court
Northern District of California

United States District Court
Northern District of California

1   No. 181. Accordingly, on December 7, 2017, the Court ordered the parties to brief whether this

2   case should be tried to a jury or to the court. ECF No. 187.

3             **b.  Analysis**

4           The parties do not dispute that Plaintiffs made timely jury demands in their original

5   complaint and FAC.  Although the parties have not cited and the Court has not found any directly

6   on point authority within the Ninth Circuit, it appears that Plaintiffs are entitled to rely on their

7   timely jury demands in the original complaint and FAC even though Plaintiffs did not explicitly

8   demand a jury in their SAC.  In *Thomson v. Jones*, 102 F.R.D. 619, 621-22 (N.D. Ill. 1984), the

9   district court addressed a very similar question.  There, a pro se plaintiff demanded a jury in his

10  original complaint, and the original answer also included a jury demand.  *Id.* at 621.  The

11  plaintiff's amended complaint did not contain a jury demand, nor did the answer to the amended

12  complaint.  The amended complaint added several new defendants, one of whom later sought to

13  rely on plaintiff's original jury demand to demand a jury trial.  *Id.* at 620-21.  The plaintiff argued

14  that his omission of the jury demand from the amended complaint was intentional, but the district

15  court rejected this argument.  *Id.* at 621.  The district court reasoned that although the jury demand

16  was not renewed in the amended complaint, neither was it withdrawn.  *Id.* at 622.  The district

17  court wrote that the plaintiff "cites no authority to support the proposition an opponent must be

18  alert to that omission on pain of being forced to an unwanted bench trial. . . .  Indeed, many a

19  *plaintiff* would doubtless be astonished at the prospect a general jury demand included in his or

20  her original complaint would not extend to a later-filed amended complaint that was silent on the

21  jury demand subject."  *Id.* at 621-22.

22          Although not directly on point, the reasoning in *Trixler Brokerage Co. v. Ralston Purina*

23  *Co.*, 505 F.2d 1045, 1049-50 (9th Cir. 1974), also supports the Court's conclusion that Plaintiffs

24  can rely on an earlier valid jury demand.  Specifically, when analyzing whether an amended

25  complaint provides a plaintiff the opportunity to demand a jury when the plaintiff previously

26  waived his jury right, the Ninth Circuit said that "[u]nless the amended or supplemental pleading

27

28  Case No. 15-CV-04768-LHK
    ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
    MOTION IN LIMINE

1    raises new factual issues, it does not revive the time for demanding a jury." *Trixler*, 505 F.2d at

2    1049-50. In other words, the plaintiff's decision to waive his right to a jury remains in effect with

3    an amended pleading unless the amended pleading raises new factual issues. By extension, a

4    plaintiff's decision to invoke his right to a jury should also remain in effect for an amended

5    complaint. This conclusion is also consistent with Rules 38 and 39, which require the parties to

6    stipulate to the withdrawal of a valid jury demand. A pleading filed by only one party clearly

7    would not satisfy the plain language of these rules.

8           In any event, even if the SAC's omission of a jury demand did have some legal effect,

9    Plaintiffs would nevertheless be entitled to rely on the demands for a jury trial that Defendants

10   made in their answers to the SAC. As the Ninth Circuit stated in *California Scents v. Surco*

11   *Products, Inc.*, 406 F.3d 1102 (9th Cir. 2005), "Rule 38 has been interpreted as incorporating a

12   right of reasonable reliance on the jury demand of another party." *Id.* at 1106 (internal quotation

13   marks omitted). "Thus, 'once one party files such a [jury] demand other parties are entitled to rely

14   on that demand for the issues it covers, and need not file their own demands.'" *Id.* at 1106

15   (alteration in original) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995)). As

16   a result, Plaintiffs were entitled to rely on the timely jury demands made by Defendants in

17   response to the SAC. The Court next assesses whether there was a valid withdrawal of that jury

18   demand.

19          **2. The Jury Demand Was Not Validly Withdrawn**

20          There is no contention here that the parties filed a written stipulation withdrawing the jury

21   demands. Thus, the issue is whether Plaintiffs' counsel's statement at the March 2017 case

22   management conference that "[i]t's a bench trial" and Defendants' failure to object at that time or

23   after the Court issued its case management order characterizing the trial as a bench trial

24   constituted an oral stipulation in open court to withdraw the jury demands as required by Rules 38

25   and 39. Defendants contend the proceedings at the March 2017 case management conference

26   constituted a valid withdrawal; Plaintiffs contend they did not.

27

28   Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

11

United States District Court
Northern District of California

1   "Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the

2   Constitution, . . . courts should indulge every reasonable presumption against waiver." *Jensen*,

3   835 F.3d at 1107 (ellipses in original) (quoting *Solis*, 514 F.3d at 955). "[A] waiver of the right to

4   trial by jury on an issue so triable must be clearly proved; equivocal remarks will not suffice."

5   *Zidell Explorations, Inc. v. Conval Int'l, Ltd.*, 719 F.2d 1465, 1469 (9th Cir. 1983). Indeed, the

6   Ninth Circuit in *Palmer v. United States*, 652 F.2d 893 (9th Cir. 1981), held that "a party's

7   acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to

8   establish a withdrawal of a jury demand." *Id.* at 896. The Ninth Circuit later overruled the most

9   extreme application of *Palmer* in *White v. McGinnis*, 903 F.2d 699 (9th Cir. 1990) (en banc), in

10  which the Ninth Circuit held that "knowing participation in a bench trial without objection

11  constitutes waiver of a timely jury demand." *Id.* at 700. However, the precise circumstances in

12  this case—where Plaintiffs and Defendants demanded a jury trial, then Plaintiffs' counsel arguably

13  withdrew that request and Defendants failed to object, and then Plaintiffs objected to a bench trial

14  after they once again represented themselves—does not seem to be wholly controlled by *White*. In

15  other words, the Defendants' failure to object to Plaintiffs' arguable withdrawal of their jury

16  demand does not constitute a stipulation to the withdrawal under *White*, particularly because

17  Plaintiffs reasserted their jury right again before trial.

18      The Ninth Circuit's recent decision in *Jensen*, 835 F.3d 1100, supports this distinction. In

19  *Jensen*, the SEC did not request a jury trial in its complaint. *Id.* at 1106. A defendant demanded a

20  jury trial in his answer. *Id.* The defendant later filed a notice withdrawing the jury demand, which

21  the SEC opposed. *Id.* at 1106-07. The district court granted the defendant's request to withdraw

22  the jury demand because only the defendant timely requested a jury trial. *Id.* at 1107. The SEC

23  did not object between receiving the court's order in June 2013 setting the case for a bench trial

24  and the pretrial conference in September 2013. *Id.* However, the SEC requested a trial by jury in

25  its pretrial conference papers.

26      The Ninth Circuit held that denial of this request for a jury was error because the SEC

27

28  Case No. 15-CV-04768-LHK
    ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
    MOTION IN LIMINE

United States District Court
Northern District of California

1  never stipulated to the defendant's withdrawal of the jury demand, as required by Rules 38 and 39.

2  *Id.* The Ninth Circuit rejected the defendant's argument that "the SEC waived its right to a jury

3  trial by failing to object to the district court's order setting the case for a bench trial" between

4  receiving the order in June 2013 and September 2013, when it requested a jury trial. *Id.*

5  Specifically, the Ninth Circuit distinguished the facts of *Jensen* from those in other cases where it

6  had found waiver based on a party's apparently strategic decision to go forward with a bench trial

7  and then, if it did not like the result, to fall back on its jury demand.  The Ninth Circuit observed

8  that, in contrast to *White*, for example, "[t]he SEC's repeated objections prior to trial preserved its

9  right to contest the district court's erroneous bench trial order."  835 F.3d at 1108; *compare United*

10 *States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir. 1981) (trial court's

11 statement on the record that the parties had agreed to submit the case to the court constituted a

12 sufficient stipulation in open court of withdrawal of the jury demand).

13      Given *Jensen*'s characterization of *White* and other similar cases as "a limited exception"

14 aimed at deterring bad faith and gamesmanship, 835 F.3d at 1107, the Court concludes that a

15 failure to object to a bench trial, without any accompanying sign of bad faith or gamesmanship,

16 does not constitute a stipulation in open court to the withdrawal of a valid jury demand.  *See also*

17 *Jensen*, 835 F.3d at 1107 (cautioning courts to "indulge every reasonable presumption against

18 waiver").  As a result, Defendants' jury demand was still in force by the time that Plaintiffs fired

19 their counsel and reasserted their desire for a jury trial.  Even if the Court is mistaken in this

20 conclusion, however, the Court would nonetheless exercise its discretion to order a jury trial in

21 this case.

22      **3. Even if the Jury Demand Was Validly Withdrawn, the Court Would Exercise Its**
23      **Discretion to Order a Jury Trial in this Case**

24      "The district court, in its discretion, may order a jury trial on a motion by a party who has

25 not filed a timely demand for one.  That discretion is narrow, however, and does not permit a court

26 to grant relief when the failure to make a timely demand results from an oversight or

27 inadvertence."  *Pac. Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th

28

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

United States District Court
Northern District of California

1    Cir. 2001) (internal citations omitted).  Other courts have granted relief where the failure to make

2    a timely jury demand was the result of a breakdown in the attorney-client relationship.  *See Jones*

3    *v. Pan Am. World Airways, Inc.*, No. C88-2033-DLJ, 1990 WL 157387, at *8 (N.D. Cal. June 26,

4    1990).  In the instant case, the Court finds that Plaintiffs' arguable withdrawal of their jury

5    demand at the March 2017 case management conference was not due to oversight or inadvertence,

6    but rather was due to a breakdown in the attorney-client relationship.

7             As recounted above, Plaintiffs consistently demanded a jury trial in the pleadings that they

8    filed while representing themselves.  Plaintiffs' counsel requested a bench trial in March 2017.

9    Just three months later, Plaintiffs "stated in writing" "[i]n unequivocal terms" that they no longer

10   wanted the Law Foundation to represent them.  ECF No. 160 at 3.  In the Law Foundation's

11   motion to withdraw, the Law Foundation stated that "there has been a breakdown in

12   communication and understanding between counsel and plaintiffs as to the purpose and meaning

13   of the legal representation that makes it impossible for counsel to effectively represent Plaintiffs in

14   this matter."  *Id.*  The Law Foundation also wrote that "the relationship between counsel of record

15   and Plaintiffs is irreconcilably broken."  *Id.* at 4.

16            Indeed, in early July 2017, Plaintiffs filed an opposition to Defendants' joint offer of

17   judgment in which Plaintiffs detailed the many errors that they alleged the Law Foundation made

18   in the course of the representation.  ECF No. 161.  Plaintiffs concluded that "Our attorneys have to

19   stand by the side of us; but they do not stand by us, our attorneys are Pro Bono attorneys, they take

20   the government's budget that is the people's tax money, they have to stand by the side of

21   righteousness, however, they do not stand by the side of righteousness, they stand by our opposite.

22   They messed up our case; we have refused them on behalf of us."  *Id.* at 9.  Because there clearly

23   was a breakdown in the relationship between Plaintiffs and their counsel, and because Plaintiffs

24   have consistently insisted when representing themselves that they want a jury trial, the Court

25   would exercise its discretion to order a jury trial in this case.

26            Although Defendants argue that they would be prejudiced by trying this case to a jury after

27

28
     Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

1    relying on the Court's order of a bench trial, the Court concludes that any prejudice would be

2    minimal and would not outweigh Defendants' prejudice in being denied their constitutional right

3    to a jury trial.  First, the issues to be tried have not changed, and so the vast majority of

4    Defendants' preparation will be just as useful for a jury trial as for a bench trial.  Second, the

5    Court will impose time limits on both sides, so any extra time required for a jury trial will not be

6    significant.  Third, trial is a month away, which gives all parties enough time to prepare proposed

7    jury instructions, voir dire materials, and a verdict form.  As a result, this case will be tried to a

8    jury.  The Court will address any resulting scheduling issue with the parties at the pretrial

9    conference.

10   **B.      Motion In Limine**

11          Defendants filed one motion in limine.  ECF No. 182.  Defendants seek to preclude

12   Plaintiffs from introducing documents and calling witnesses that were not timely disclosed.  The

13   discovery deadline in this case was June 15, 2017.  *See* ECF No. 148.  Plaintiff Wen did not

14   appear for his deposition before the discovery deadline and did not make himself available for his

15   deposition until August 29, 2017 (and only then after Judge Lloyd ordered him to appear, *see* ECF

16   No. 170).  At the deposition, Wen provided some documents that he had not previously produced.

17   *See* ECF No. 182 Exh. J-K.  Included in these previously undisclosed documents were several

18   documents dated before the discovery deadline—in the case of Pastor Olivera, more than a year

19   before—showing that Wen had the materials in his possession before the discovery deadline but

20   nevertheless failed to disclose them.  *See* ECF No. 182 Exh. J (Pastor Olivera letter dated August

21   12, 2016; Burial Work Order dated November 27, 2012; LifeMoves document dated May 9,

22   2017).

23          In addition, Wen disclosed seven new witnesses on November 20, 2017.  Defendants

24   submitted a transcript excerpt from Wen's deposition on September 18, 2017, which supports the

25   conclusion that Wen intentionally withheld information, including the identity of some of these

26   witnesses, from Defendants.  *See* ECF No. 182 Exh. M.  Specifically, the relevant parts of the

27                                                        15

28   Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

*United States District Court*
*Northern District of California*

transcript are as follows:

Q      So even though the notice states that you may be evicted, you did not talk to anybody, and, instead, you just went to Taiwan?

A      Because Julie was just trying to scare us off.  Someone actually had gone and ask her.  She said she was trying to scare us.

Q      Who was that?

A      A resident.

Q      Which resident?

A      I'm not going to reveal that.

Q      Based on what?

A      Because you're going to threaten her or him.

Q      I'm not going to threaten anybody.

A      (Before interpretation; speaking Mandarin.)

Q      We have a right to talk to witnesses and get statements, just as we have the right to get all the documents you have in your possession.  So we're entitled to find out who that person was.

A      Right.  Okay.

Q      So who is it?

A      I'm not going to reveal that right now.  I can tell you later.

Q      When is "later"?

A      Before trial.

Q      That's not going to work.  I mean, otherwise, we'll file a motion to exclude that person from testifying.

A      Well, then you are obstructing things; right?

Q      Disclosure of witnesses was supposed to happen in May of this year, and you haven't disclosed this person.  If you disclose her or him now, we might still

16

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

United States District Court
Northern District of California

1   go forward with it, but you cannot present a surprise witness that you should have
    identified a long time ago.

2

3   Mr. Ellis: Mr. Lee, if you think that we are obstructing evidence because you
    won't tell us the name of the person, that makes no sense, Mr. Lee.  And the
    whole reason we're up here today is to resolve this case.  And you're telling us

4   that if we move to exclude somebody that you won't tell us the name of, we are
    obstructing.  That's offensive.

5

6   The Witness: A lot of evidence can be provided right before the trial.

7   By Ms. Borsutzki:
    Q       Expert evidence, but not a witness.  You are – you have to disclose the

8   witnesses way ahead of trial, so we have a chance to talk to these people and

9   investigate the case.  You are obstructing justice in your own case by not
    disclosing the name.  We are entitled to that name, and if you are not disclosing it,

10  we're going to move to exclude her or him from trial.

11  A       You, the senior apartment, has been very ferocious; the residents have
    been very scared of you.

12

13  Q       Okay.  Are you going to disclose this witness or are you not going to
    disclose the name right now?

14

15  A       Because I don't have an attorney right now, of course, there are legal
    things that I am not sure about.   Under this circumstances, this would be to my

16  disadvantage.  Of course, we want to have justice; however, right now revealing
    that name would not necessarily be good for justice because that person may be

17  threatened.

18  Q       Okay.  Then we will go through the motions necessary.

19  A       And, also, I will – I want to add: Sometimes the witnesses or words are

20  discovered at a later time, so they could be brought up later.  If you didn't
    mention something before and I found out later or something that is yet to happen,

21  and there would be witnesses.  I can't provide their information now.

22  Q       But you know the witness right now, so you are hiding the name.  That's a
    different story.

23

24  A       That this person right now is to my advantage.  If I reveal the name, I am,
    therefore, not protecting the person, because if they get threatened and they

25  wouldn't be the witness, that's not good.  And in terms of procedure, you said the
    witness can't be a surprise witness, but I'm telling you that there will be such a

26  witness, so you wouldn't be surprised.

27

28  Case No. 15-CV-04768-LHK
    ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
    MOTION IN LIMINE

United States District Court
Northern District of California

17

Q       You watch too much TV, Mr. Lee.

ECF No. 182 Exh. M.

Defendants argue that they would be prejudiced if the Court allowed Plaintiffs to introduce the untimely disclosed evidence or call the untimely disclosed witnesses at trial, because Defendants were precluded from serving related discovery requests or deposing any of these witnesses because the discovery deadline had already passed by the time Wen disclosed this information.  Accordingly, Defendants request that the following exhibits, all of which were not included in Plaintiffs' initial disclosures but which were produced by Wen in August 2017 (*see* Exh. J) be excluded:

- Document of Pastor Carlos Olivera, dated August 12, 2016;
- Document of Burial Work Order, dated November 27, 2012;
- Document of LifeMoves, dated May 9, 2017;
- Audio File of June 4, 2013;
- Video File of November 26, 2012;
- Video File of September 16, 2013;
- Document of Casa Times, January 2013 Special Edition

Defendants also seek to preclude Plaintiffs from calling the following witnesses whose identity was not disclosed until November 20, 2017:

- Pastor Carlos Olivera
- Mr. Jiang
- Ms. Peiyi Yi
- Mr. Ruxin Qian
- Unnamed CDP Resident
- Mr. Belen Garcia-Aceves
- Dr. Andrew Wong

Plaintiffs respond that Wen disclosed the documents at issue during his August 29, 2017 deposition.  *See* ECF Nos. 189, 192.  Plaintiffs do not assert that the witnesses were timely disclosed.  *See id.*

The Court concludes that Plaintiffs have not carried their burden to show that their failure to timely disclose the documents or witnesses was substantially justified or harmless.  First, the Court sua sponte considered whether Plaintiffs' pro se status excuses their failure to comply with Rule 26(a) or (e).  However, other courts have held, and this Court agrees, that "[t]he fact that

18

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    plaintiff[s] [are] proceeding pro se is not enough to spare [their] case" when there are signs of

2    intentional withholding of evidence. *OEM-Tech v. Video Gaming Technologies, Inc.*, No. C 10-

3    04368 RS, 2013 WL 12173892, at *6 (N.D. Cal. Jan. 8, 2013) (quoting *Mathews v. U.S. Shoe*

4    *Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997)). "The Ninth Circuit has made clear that a pro se

5    litigant must 'abide by the rules of the court in which he litigates.'" *Garcia v. Qwest Corp.*, 2008

6    WL 4531657, at *4 (D. Ariz. Oct. 3, 2008) (quoting *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th

7    Cir. 2007)). "[S]pecial solicitude for the difficulties that a pro se plaintiff must face does not

8    extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very

9    power the plaintiff[s] [are] calling to vindicate [their] rights." *OEM-Tech*, 2013 WL 12173892 at

10   *6 (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y.

11   1987)).

12        Here, the dates of some of the documents that Wen disclosed at his deposition show that he

13   had possession of them well before the June 15, 2017 discovery deadline in this case. Indeed, the

14   Law Foundation represented Plaintiffs until after the discovery deadline, which suggests that Wen

15   was also withholding information from his own counsel. The Law Foundation informed Wen that

16   it was prepared to defend his deposition as initially scheduled, but Wen failed to appear for the

17   deposition. Indeed, had Wen appeared for the deposition as noticed on June 15, 2017, his

18   production of the documents would have been timely. When he did appear for the deposition on

19   August 29, 2017, it was only after being ordered to do so by Judge Lloyd. Wen's deposition,

20   while suggestive of some misunderstanding of the law, also suggests that Wen intentionally

21   withheld information from Defendants, even when Defendants' counsel explained the likely

22   consequences of his continued refusal to disclose witness identities. *See* ECF No. 182 Exh. M.

23        Second, the Court is not persuaded by Plaintiffs' argument that the disclosure of the

24   documents on August 29, 2017 was timely. As explained above, the discovery deadline was June

25   15, 2017, and Plaintiffs' failure to timely disclose the documents appears to be wholly caused by

26   Wen's failure to alert his counsel to the documents' existence or to appear at his noticed

27                                                        19

28   Case No. 15-CV-04768-LHK
     ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
     MOTION IN LIMINE

deposition.  Moreover, Defendants are prejudiced by the untimely production of documents and

the failure to disclose additional witnesses until November 20, 2017—five months after the fact

discovery deadline and four months after the expert discovery deadline.  Because the fact and

expert discovery deadlines had long passed, Defendants were unable to further investigate the new

evidence or depose the people identified in the documents or as witnesses.  In addition, the

deadline for filing dispositive motions expired on August 31, 2017 and the summary judgment

hearing was scheduled for October 12, 2017.  Thus, Defendants were effectively precluded from

litigating in a summary judgment motion any issues raised by Plaintiffs' August 29, 2017 and

November 20, 2017 disclosures.  "Reopening discovery is not an acceptable option to cure

Plaintiff[s'] total failure to comply with the Court's Rule 16 scheduling order.  Such a 'sanction'

would render Rule 37 toothless."  *Garcia*, 2008 WL 4531657 at \*4 (citing *Saudi v.*

*ValmetAppleton, Inc.*, 219 F.R.D. 128, 134 (E.D. Wis. 2003)).

As a result, Defendants' motion in limine is GRANTED.

**IV.    CONCLUSION**

For the foregoing reasons, the Court orders that this case be tried to a jury.  In addition, the

Court GRANTS Defendants' motion in limine to preclude the use of untimely disclosed evidence

or witnesses.

**IT IS SO ORDERED.**

Dated: December 14, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No. 15-CV-04768-LHK
ORDER GRANTING PLAINTIFFS' REQUEST FOR A JURY TRIAL AND GRANTING DEFENDANTS'
MOTION IN LIMINE

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| MARIA W. LEE, et al., | Case No. 15-CV-04768-LHK |
| Plaintiffs, | **AMENDED ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT** |
| v. | |
| RETAIL STORE EMPLOYEE BUILDING CORPORATION, et al., | Re: Dkt. No. 202 |
| Defendants. | |

On December 20, 2017, Defendants Retail Store Employee Building Corporation ("Retail Store"), Casa del Pueblo Apartment ("CDP"), and Barcelon Associates Management Corp. ("Barcelon") (collectively, "Defendants") filed a motion to enforce an oral settlement agreement. ECF No. 202. On January 4, 2018, the Court held an evidentiary hearing on Defendants' motion. On January 5, 2018, after having considered the parties' submissions and oral testimony, the relevant law, and the record in this case, the Court granted Defendants' motion. ECF No. 220 (the "January 5, 2018 order").

The instant order supersedes the January 5, 2018 order. The only difference between the instant order and the January 5, 2018 order is that while the January 5, 2018 order cited to a draft transcript of the January 4, 2018 evidentiary hearing on Defendants' motion to enforce an oral

1

United States District Court
Northern District of California

1   settlement agreement, the instant order cites to that hearing's certified transcript, which was filed

2   on January 10, 2018. ECF No. 221.

3        The January 5, 2018 order and the instant order cite the same section of the January 4,

4   2018 evidentiary hearing. The text of that section did not change from the draft transcript to the

5   certified transcript. However, unlike the draft transcript, the certified transcript includes a one-

6   page "Index of Witnesses." Furthermore, the proofreading and editing between the rough

7   transcript and the certified transcript may have shifted some text to different line or page numbers.

8   Thus, the page numbers in the certified transcript are higher than the page numbers in the draft

9   transcript.

10  I.   **BACKGROUND**

11       A. **Factual Background and Procedural History**

12       Plaintiff Maria Lee ("Maria") and her son, Plaintiff Wen Lee ("Wen") (collectively,

13  "Plaintiffs"), appearing pro se, brought this action against Defendants on October 15, 2015. *See*

14  ECF No. 1. From 2000 to 2013, Maria lived at a CDP senior living facility that was owned by

15  Retail Store and managed by Barcelon. ECF No. 104 ¶¶ 5–9. Plaintiffs assert causes of action

16  arising out of Defendants' alleged "persistent course of discrimination . . . because of [Maria's]

17  disability." *Id.* ¶ 1. Specifically, Plaintiffs allege that Defendants "harassed and evicted

18  [Plaintiffs] because of behavior associated with [Maria's] dementia." *Id.*

19       Retail Store and CDP moved to dismiss Plaintiffs' original complaint on May on April 6,

20  2016. ECF No. 39. In lieu of opposing this motion, on May 2, 2016, Plaintiffs filed a First

21  Amended Complaint ("FAC"). ECF No. 52. Retail Store and CDP then moved to dismiss

22  Plaintiffs' FAC on May 13, 2016. ECF No. 60. On June 3, 2016, the Law Foundation of Silicon

23  Valley appeared on behalf of Plaintiffs in this case. ECF Nos. 62, 63. Plaintiffs filed a response

24  on June 20, 2016, and Retail Store and CDP filed a reply on June 29, 2016. ECF Nos. 76, 81.

25  Barcelon moved to dismiss Plaintiffs' FAC on June 9, 2016. ECF No. 69. Plaintiffs filed a

26  response on June 21, 2016, and Barcelon filed a reply on June 30, 2016. ECF Nos. 78, 82. On

27  August 9, 2016, the Court granted all Defendants' motions to dismiss. ECF No. 93.

28

1     On September 8, 2016, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No.

2  104. On September 27, 2016, Retail Store and Barcelon each brought a motion to dismiss the

3  SAC. ECF Nos. 111, 112. On October 11, 2016, Plaintiffs filed a single opposition to both

4  motions, ECF No. 114, and on October 18, 2016, Retail Store and Barcelon each filed a reply.

5  ECF Nos. 115, 116. On January 24, 2017, the Court granted in part and denied in part Retail Store

6  and Barcelon's motions to dismiss with prejudice. ECF No. 134. The Court also ordered

7  Plaintiffs to file a motion to appoint Wen as Maria's guardian ad litem. *Id.*

8     On February 1, 2017, Plaintiffs filed a motion to appoint Wen as Maria's guardian ad litem

9  for the purposes of this action. ECF No. 136. On February 2, 2017, Defendants filed answers to

10  the SAC as to Wen. ECF Nos. 137, 138. On February 13, 2017, the Court granted Plaintiffs'

11  motion to appoint Wen as Maria's guardian ad litem. ECF No. 141. On February 21 and 22,

12  2017, Defendants filed answers to the SAC as to Maria. ECF Nos. 144, 145.

13     On June 20, 2017, Plaintiffs' counsel moved to withdraw. ECF No. 160. On July 12,

14  2017, the Court granted Plaintiffs' counsel's motion to withdraw. ECF No. 162. The Court notes

15  that although Plaintiffs once again represent themselves, they appear to be availing themselves of

16  the Federal Pro Se Program, which provides assistance to pro se litigants.

17     Neither party filed a motion for summary judgment. On November 30, 2017, the parties

18  filed their pretrial conference statements, in which they disagreed about whether this case should

19  be tried to a jury or to the Court. ECF No. 181 at 13; ECF No. 183 at 8. In light of the continuing

20  disagreement about the format of the trial, the Court on December 6, 2017 ordered the parties to

21  brief whether this case should be tried to a jury or to the Court. ECF No. 187. Both sides filed

22  their briefs on December 11, 2017. ECF Nos. 191, 193. Also on November 30, 2017, Defendants

23  filed a motion in limine to preclude Plaintiffs from introducing exhibits or calling witnesses that

24  were not timely disclosed. ECF No. 182. On December 11, 2017, Plaintiffs filed an opposition to

25  the motion in limine. ECF No. 192. On December 12, 2017, Defendants filed a reply. ECF No.

26  195.

27     On December 14, 2017, the Court held a pretrial conference. *See* ECF No. 197. In

28

3

advance of the pretrial conference, the Court granted Plaintiffs' request for a jury trial and granted Defendants' motion in limine. ECF No. 196. Later that day, after the pretrial conference, the Court entered an order that, among other things, directed the parties to file a joint settlement status report by December 19, 2017. ECF No. 198 at 1.

On December 19, 2017, the parties filed a joint settlement status report stating that (1) the parties reached a settlement agreement on December 14, 2017 after the pretrial conference; (2) pursuant to the agreement, Plaintiff "would dismiss the action if all parties bore their own fees and costs"; (3) on December 18 and 19, 2017, Plaintiff decided not to agree to the settlement and not to dismiss the action; and (4) Defendants anticipated filing a motion to enforce the settlement. ECF No. 199.

Subsequently, on December 20, 2017, Defendants filed the instant motion to enforce an oral settlement agreement. ECF No. 202 ("Mot."). A hearing for that motion was originally set for March 22, 2018, at 1:30 p.m. However, Defendants filed a motion requesting that their motion to enforce an oral settlement agreement be heard on January 12, 2018, at 9:00 a.m.—the day and time trial was set to begin. ECF No. 203. On December 21, 2017, the Court granted in part Defendants' motion to shorten time and set an evidentiary hearing on Defendants' motion to enforce an oral settlement agreement for January 4, 2018, at 10:00 a.m. ECF No. 204. The Court also directed Plaintiffs to respond to Defendants' motion to enforce an oral settlement agreement by Thursday, December 28, 2017, and allowed Defendants to file a reply by January 2, 2018. *Id.* On December 28, 2017, Plaintiffs filed a "Memorandum in Support of Opposition to Motion to Enforce Oral Settlement Agreement" and a declaration by Wen in support of the memorandum. ECF No. 209; ECF No. 210. Defendants filed a reply on January 2, 2018. ECF No. 213. The Court held an evidentiary hearing on Defendants' motion to enforce an oral settlement agreement on January 4, 2018, at 10:00 a.m.

**B. Facts Alleged In the Parties' Filings**

In Defendants' motion to enforce an oral settlement agreement and the declarations by Defendants' counsel in support of that motion, Defendants state that immediately after the

4

December 14, 2017 pretrial conference, Wen and counsel for Defendants engaged in informal settlement discussions in the hallway outside the courtroom. Mot. at 5; *id.* at 12–13 ("Borsutzki Decl.") ¶ 4; *id.* at 14–15 ("Ellis Decl.") ¶ 4. Defendants allege that John Ellis, counsel for Defendants Retail Store and CDP, "made an offer on behalf of all Defendants to Wen in an amount of $25,000.00" in the presence of Claudia Borsutzki (counsel for Defendant Barcelon), Wen's interpreter Ginger Wang, and Kevin Knestrick, a staff attorney for the Federal Pro Se Program who was assisting Wen. Mot. at 5; Ellis Decl. ¶ 5. Defendants state that Wen discussed the offer with Mr. Knestrick with the assistance of Ms. Wang, and then declined the offer. Mot. at 6; Borsutzki Decl. ¶¶ 6–7; Ellis Decl. ¶¶ 6–7. However, Defendants allege that, by and through Ms. Wang, Wen "made the offer that he would dismiss the action if all parties bore their own fees and costs." Mot. at 6. Defendants state that "[t]he offer was written on a sheet of paper by Ms. Wang to provide the proper terms." *Id.*; Borsutski Decl. ¶ 7; Ellis Decl. ¶ 7.

Defendants allege that, through their respective attorneys, they accepted Wen's offer and "even shook [Wen's] hand to seal the deal." Mot. at 6; Borsutzki Decl. ¶ 8; Ellis Decl. ¶ 8. Then, "Mr. Knestrick asked for Defense counsel to prepare the needed Stipulation and Proposed Order to be forwarded to [Wen], so that [Wen] could review it with Mr. Knestrick before Plaintiffs' execution of the same." Mot. at 6; Borsutzki Decl. ¶ 9; Ellis Decl. ¶ 9.

In their motion to enforce an oral settlement agreement, Defendants include Defendants' counsel's email correspondence with Wen between December 15, 2017 and December 19, 2017. Mot. Exhs. B–G. On December 15, 2017, Ms. Borsutzki drafted a stipulation and proposed order and forwarded it to Mr. Ellis, who then forwarded it to all parties. Mot. Exhs. B & G; *see* Borsutzki Decl. ¶ 10; Ellis Decl. ¶¶ 10–11. Plaintiffs did not respond to this email, so Ms. Borsutzki sent a follow-up email to all parties on December 18, 2017. Mot. Exh. C. Later on December 18, 2017, Wen responded via email to Ms. Borsutzki's follow-up email by stating that "I decided not to agree with SETTLEMENT. Thank you." Mot. Exh. D. On the same evening, Ms. Borsutski replied to Wen, again via email, stating that "[w]e are not talking about the settlement but the dismissal. We had an agreement that you would dismiss the case and all parties

Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

1   bear their costs and fees. We kindly ask you to sign the stipulation Mr. Ellis forwarded to you."

2   Mot. Exh. E. The next morning, on December 19, 2017, Wen emailed a reply to Ms. Borsutzki,

3   stating only that "I do not dismiss this case right now. Thank you." *Id.*

4       For Plaintiffs' part, both Plaintiffs' opposition to Defendants' motion to enforce an oral

5   settlement agreement and Wen's declaration in support of Plaintiffs' opposition state the same

6   thing: "On December 14, 2017 after Pretrial Plaintiff Wen T. Lee negotiated with Defendants

7   attorneys Mr. Ellis and Ms. Borsutzki at the hallway of Court, at that time, the information was not

8   enough to make the right decision." ECF No. 209 at 2; ECF No. 210 at 2. Plaintiffs also

9   submitted an evidentiary hearing exhibit consisting of further email correspondence between Mr.

10  Ellis and Wen on December 19, 2017. *See* ECF No. 219. The exhibit shows that on the afternoon

11  of December 19, 2017, Mr. Ellis emailed the following to Wen:

12      You have not explained why you wrote that you feel there is no settlement.

13
14      On Dec. 14, we offered $25,000. You rejected our offer. There is no offer now
        for any monetary settlement.

15      After the trial readiness conference, we then accpeted [sic] your offer and we
16      agreed that the case would be dismissed with each party to bear its own costs and
        fees. You made this offer and rejected our offer after you consulted with the law
17      foundation attorney. We all agreed to this. We don't know why you now feel
        there is no settlement.
18
19      We are going to bring a motion to enforce the agreed upon settlement and/or to
        have the lawsuit dismissed.

20  *Id.* at 1. The exhibit also shows that Wen replied to Mr. Ellis stating only: "No truth no

21  settlement. Thank you[.]" *Id.* at 2.

22  **II.    LEGAL STANDARD**

23      District courts have the inherent power to enforce a settlement agreement in an action

24  pending before it. *See TNT Marketing, Inc. v. Aaresti*, 796 F.2d 276, 278 (9th Cir. 1986). "The

25  moving party has the burden of demonstrating that the parties formed a legally enforceable

26  settlement agreement." *Woods v. Carey*, 2015 WL 7282749, *4 (E.D. Cal. Nov. 18, 2015). "The

27  construction and enforcement of settlement agreements are governed by principles of local law

28
    Case No. 15-CV-04768-LHK
    ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1   which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th

2   Cir. 1989). This is true even if the underlying cause of action is based upon a federal statute.

3   *Woods*, 2015 WL 7282749 at *4. Thus, the Court applies California law "regarding formation and

4   interpretation of contracts in determining whether a legally enforceable settlement agreement was

5   reached." *Id.*

6         Under California law, "unless a writing is required by the statute of frauds, oral settlement

7   agreements are enforceable in the same manner as oral agreements in general." *Nicholson v.*

8   *Barab*, 233 Cal. App. 3d 1671, 1681 (1991); *see id.* at 1682 (listing California cases in which out-

9   of-court oral settlement agreements were found to be enforceable). In the instant case, it is clear

10  that California's statute of frauds, California Civil Code § 1624, is not applicable to the alleged

11  oral settlement agreement because the alleged agreement—which calls for Plaintiffs to dismiss

12  their action and for each party to bear its own fees and costs—is not one of the types of contracts

13  listed in California Civil Code § 1624 as "invalid" without a writing.

14        "Whether the parties *intended* only to be bound upon the execution of a written signed

15  agreement is a factual issue." *Callie v. Near*, 829 F.2d 888, 890–91 (9th Cir. 1987). In California,

16  the existence of mutual consent is determined by objective criteria; the "parties' outward

17  manifestations must show that the parties all agreed 'upon the same thing in the same sense.'"

18  *Weddington Prod., Inc., v. Flick*, 60 Cal. App. 4th 793, 811 (1998) (quoting Cal. Civ. Code §

19  1580). Thus, an oral settlement agreement is binding where the objective intent of the parties,

20  "not the parties' subjective intent," was to make the agreement binding. *Elyaoudayan v. Hoffman*,

21  104 Cal. App. 4th 1421, 1430 (2003).

22        Further, the Ninth Circuit has cautioned that district courts "may enforce only *complete*

23  settlement agreements." *Callie*, 829 F.3d at 890. "[A] complete agreement is one where the

24  parties have manifested their mutual assent to all the material terms." *Mohamed*, 2008 WL

25  2756602 at *2. Under California law, "settlement agreements are unenforceable when a material

26  term is uncertain or undefined." *Id.* (citing *Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618,

27  1621–22 (2006)).

28
Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

## III.   DISCUSSION

Based on the parties' submissions and oral testimony at the January 4, 2018 evidentiary hearing, the Court finds that the parties entered into an enforceable oral settlement agreement on December 14, 2017 after the pretrial conference.

At the evidentiary hearing, Mr. Ellis testified that immediately after the December 14, 2017 pretrial conference, in the hallway outside the courtroom, Mr. Ellis asserted to Wen—who was accompanied by Ms. Wang and Mr. Knestrick—that in light of the Court's ruling on Defendants' motion in limine, Plaintiffs had little chance of prevailing at trial. ECF No. 221 ("Transcript") at 15. Consistent with Defendants' motion to enforce an oral settlement agreement, Mr. Ellis then testified that (1) Mr. Ellis offered Plaintiffs $25,000 in exchange for a dismissal of the action with prejudice; (2) after discussing the offer with Ms. Wang and Mr. Knestrick for about 20 minutes, Wen rejected the offer; and (3) through a note read by Ms. Wang, Wen offered "to dismiss the case with prejudice . . . in its totality . . . and each party will bear its own costs and fees." *Id.* at 16–18. Mr. Ellis further testified that Defendants "accepted [Wen's] offer and that was the end of it," that Mr. Ellis "believe[d] [he] shook [Wen's] hand," and that "[a]fter the deal was done, [Wen] said . . . ['] but we don't accept your offer'" because Wen "wanted to make that clear, that [Wen] was proposing the terms of the—of the agreement." *Id.* at 18–19.

The Court finds that Mr. Ellis's oral testimony at the January 4, 2018 evidentiary hearing was credible. Further, the Court finds that Mr. Ellis's account of the events surrounding the alleged oral settlement agreement was substantially corroborated by Wen's oral testimony at the evidentiary hearing, which Wen gave through an interpreter. At the hearing, Wen testified that Defendants offered him $25,000 to settle the case, but that Wen rejected that offer. *Id.* at 26–27. Then, although he was demonstrably reluctant to give a straight answer about whether he in fact offered to dismiss Plaintiffs' action if each side bore its own fees and costs, Wen eventually admitted to making the offer:

> The Court:  Did you offer to dismiss this case if each side would pay for its own attorneys' fees and costs?

8

United States District Court
Northern District of California

Mr. Lee:  I thought about it at that time.

The Court:  Did you offer?  Did you express that offer?  Did you say that offer to the defendants?

Mr. Lee:  Yes, I said I'm going to dismiss because I want to go outside and take it to the public.

The Court:  All right.  So you specifically said you would dismiss your case if each side would pay its own costs and fees?

Mr. Lee:  I thought about it at that time.  I had no more evidence to present, so I knew that I have no more case.  And then I went back, I found out that I have some evidence that I can still pursue in this case.

The Court:  So you made an offer to the defendants to dismiss your case if each side paid for its own fees and costs?

Mr. Lee:  This is with limited information.  It's a wrong decision on my part.

The Court:  Okay.  But you did make the offer; correct?

Mr. Lee:  Yes, I did.

*Id.* at 27–28. Shortly thereafter, when asked whether Defendants accepted his offer, Wen refused to answer. *Id.* at 30. Then, Wen explained that he changed his mind about dismissing the case after he got home. Specifically, Wen stated: "[A]fter I got home, I found out there is some more information that—their information, because within the complaint, I have all those attached within." *Id.* at 31. Wen affirmed that this prompted him to change his mind about settling the case, explaining that in light of this evidence, "I feel that it [settling] is not beneficial for me." *Id.*

Based on the parties' submissions and the oral testimony of both Mr. Ellis and Wen, the Court finds that after the December 14, 2017 pretrial conference, both parties exhibited sufficient "outward manifestations" of an intent to be bound by an oral settlement agreement. *Flick*, 60 Cal. App. 4th at 811. Specifically, according to both Mr. Ellis and Wen, Wen rejected an offer to settle the case for $25,000, but then affirmatively offered to dismiss the action if each party bore its own fees and costs. Further, Mr. Ellis asserts—and Wen does not dispute—that Defendants promptly accepted Wen's offer. Thus, the objective intent of both Wen and the Defendants was to be bound by the oral agreement to dismiss the action if each party bore its own fees and costs.

9

Case No. 15-CV-04768-LHK
ORDER GRANTING MOTION TO ENFORCE ORAL SETTLEMENT AGREEMENT

United States District Court
Northern District of California

1       Additionally, the Court finds that the oral settlement agreement reached by the parties was

2   a complete agreement. *Callie*, 829 F.3d at 890.  Again, as both Mr. Ellis and Wen testified, after

3   rejecting an offer to settle the case for $25,000, Wen offered to dismiss the action if each party

4   bore its own fees and costs.  Mr. Ellis also testified that after Defendants accepted Wen's offer,

5   Wen reiterated that "we [Plaintiffs] don't accept your offer," because Wen "wanted to make that

6   clear, that [Wen] was proposing the terms" of the agreement.  Transcript at 18.  Thus, the material

7   terms of the oral settlement agreement reached by the parties are straightforward: Plaintiffs would

8   dismiss their action with prejudice, and each party would bear its own fees and costs.  Although

9   Wen testified that he later felt that the terms of the agreement were no longer "beneficial" for him

10  after finding more evidence, *id.* at 31, Wen "may no longer like the terms of the settlement, but he

11  agreed to those terms . . . and [D]efendants have the right to enforce them."  *McCovey v. Pac.*

12  *Lumber Co.*, 1992 WL 228888, *4 (N.D. Cal. May 29, 1992).

13  **IV.    CONCLUSION**

14      For the foregoing reasons, Defendants' motion to enforce the oral settlement agreement is

15  GRANTED.  Pursuant to the oral settlement agreement, the Court ORDERS that this action be

16  dismissed with prejudice, and that each party bear its own attorney's fees and costs.  The Clerk

17  shall close the file.

18  **IT IS SO ORDERED.**

19

20  Dated: January 10, 2018

21                        *Lucy H. Koh*

22                        LUCY H. KOH
                      United States District Judge

23

24

25

26

27

28                              10